# THE MOST WORSHIPFUL UNITED GRAND LODGE OF F. & A. MASONS OF MARYLAND,

### INC., ET AL.,

### *vs.*

## MILTON R. LEE.

*Fraternal orders: discipline and suspension; effect of rules; jurisdiction of courts.*

In the matter of discipline, doctrine and internal policy of fraternal organizations, the rules by which the members have agreed to be governed constitute the charter of their rights, and courts decline to take cognizance of any matters arising under such rules.                              p. 49

.But where it is shown that proceedings against a member have not been in accordance with the prescribed rules of procedure in such cases, and that, in violation of the rules, the member has been given no opportunity to appear and defend himself, a court, if called upon, should not hesitate to interfere against the invasion of the member's rights.            p. 49

*Decided February 15th, 1916.*


Appeal from the Circuit Court No. 2 of Baltimore City. (HEUISLER, J.)

The .facts are stated in the opinion of the Court.

The cause was argued before-BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*W. Ashbie Hawkins* and *George W. F. McMechen,* for the appellants.

*Augustus C. Binswanger* and *Warner T. McGuinn,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The bill of complaint in this case alleges in substance that in October, 1913, and prior thereto, the plaintiff, Milton R. Lee, was a member and master of Enterprise Lodge No. 3, an association of individuals, and one of the subordinate lodges of the Most Worshipful United Grand Lodge of Free and Accepted Masons of Maryland, Incorporated. That on one occasion in the latter part of October, 1913, while the plaintiff was officiating as master in the temple, he was requested by one of the defendants, Morris C. Burke, grand lecturer, a visitor of the lodge in his official capacity, to follow a certain procedure in the matter of the initiation of a candidate who was present for the purpose of being made a member of such subordinate lodge; that neither the plaintiff nor those members present "were clear in their minds that the form of procedure recommended by said grand lecturer should be followed, * * * and the lodge, after a discussion of the matter, requested further advices from the Grand Lodge, or persons in authority; that the action taken at the time of the initiation of said candidate for membership, was the action taken by said Enterprise Lodge No. 3 by a vote upon a motion made by one of the members then and there present." That subsequent to said meeting the plaintiff was informed that the said grand lecturer had preferred charges against him for insubordination to a superior officer; that the grand master of said Grand Lodge appointed a board of commissioners to investigate and hear the charges so preferred against him; that in the latter part of January, 1914, the plaintiff with his counsel appeared before the board of commissioners and denied their jurisdiction to hear and determine the charges preferred against him, "alleging that under the laws of the order, the charges were improperly and imperfectly made by said grand lecturer; whereupon, the said board of commissioners took this matter under advisement, and subsequently determined that they would continue to hear the charges, notwithstanding the jurisdictional objec-

tion raised," and that the plaintiff produced before them a number of witnesses, who testified in effect that the plaintiff "was guilty of no act violating the laws of the order, nor was he guilty of any matter of insubordination to his superior officer."

That subsequent to these proceedings, without the knowledge of the plaintiff, or his counsel, "the Grand Lodge at the City of Hagerstown on August 17-18, 1914, proceeded to receive the report of said commissioners, and to determine the matter;" and that their determination was communicated to the plaintiff by letter of August 24th, 1914, from the grand master, saying: "You are informed that the 66th Annual Communication of the Most Worshipful United Grand Lodge, held at Hagerstown, Md., August 17-18, 1914, you were suspended for six months and lose the honor of past master. This was the recommendation of the commissioners in the case—said recommendation approved by the Grand Lodge at the second session of the 66th Annual Communication—Monday, Aug. 17th, 1914."

That on or about April 30th, 1915, the plaintiff addressed a letter to Charles R. Smith, one of the defendants, secretary of the subordinate lodge, enclosing to him five dollars, the amount of dues payable by the plaintiff to such subordinate lodge from August 24th, 1914, up to and inclusive of May, 1915; and on the same day the counsel of the plaintiff wrote to the Grand Lodge, its master and secretary by registered letter, which is filed as a part of the bill, in which the officials to whom it was addressed were asked that the matter be amicably adjusted by the reinstatement of the plaintiff "as a member of the order by the revocation by the Grand Lodge of its action taken Monday, August 17th." "Thereupon the plaintiff will still be past master of Enterprise Lodge No. 3, and will have removed the stigma which attaches to the suspension or other action of the Grand Lodge." In this letter it was stated that the entire proceedings resulting in the suspension of the plaintiff was absolutely void and of no effect.

They were further asked to take up the matter immediately upon receipt of the letter, and let the counsel of the plaintiff know their "action in the premises," with the further request however, that should they determine to allow the matter to stand, to let them know when it would be convenient for them, not later than Wednesday, May 5th, 1915, at 3 P. M. at the house of said grand secretary, 1536 Argyle avenue, that he might obtain the papers in the case, or attested copies of such papers; and further gave notice to them that "If said request be refused, they would be obliged to bring appropriatiate proceedings to compel the production and inspection of the papers and proceedings and the minutes of the Grand Lodge, which are in the custody and possession of the said grand secretary."

That Charles R. Smith, in reply to the letter to him, wrote the plaintiff saying, "I have been instructed to return communication and money order." But no reply was received to the letter addressed to the Grand Lodge, its grand master and grand secretary, either allowing or refusing the demands of the plaintiff.

That the plaintiff, by the by-laws of the subordinate lodge, was required to pay fifty cents per month as dues, and the last of these he paid in the month of August, 1914, and "has since repeatedly tendered said dues to the secretary of the subordinate lodge. That by virtue of the payments of such dues he is entitled to all the rights and privileges incident to the membership in said order, including four dollars ($4.00) per week as wages for a period of fifteen weeks in the event of sickness, and additional wages according to the best judgment of the subordinate lodge should the sickness continue beyond a period of twenty-four weeks in any one calendar year, and, moreover, in the event of * * * death, his legal representatives are entitled to receive from said order. the sum of fifty dollars ($50.00) as a contribution by the lodge for his funeral expenses."

The bill then alleges "That your orator further avers that

he has been guilty of no act of insubordination to any superior officer, and that he did or has done no act or thing in violation of any law or rule of the order; that the action taken by Enterprise Lodge No. 3, the latter part of October, 1913, was the action of the said subordinate lodge; that under the Constitution and By-Laws of the said Grand Lodge, no charges were preferrable by said grand lecturer; that the hearing had in the month of January, 1914, by said board of commissioners, and the action taken by the Grand Lodge in Hagerstown in the month of August, 1914, was without warrant in law or in fact; that the entire proceedings from beginning to end, to wit, from the latter part of October, 1913, purporting to be done by the Grand Lodge, or by its grand master, and grand secretary, are wholly inoperative, and void under the Constitution and By-Laws of the said Grand Lodge; that the acts of the officials of the Grand Lodge have caused him great annoyance, inconvenience and damage in that his suspension, although wholly unwarranted, has resulted in him being avoided by his fellow Masonic brothers, and a stigma has been attached to him by virtue of the action of said Grand Lodge and its officials; that such action is not known to other members of the order to have been improper and unfounded, wherefore, your orator has been greatly damaged and injured among his neighbors, friends, relatives and business associates, and otherwise grievously damaged and injured."

Among the prayers of the bill are:

1st. That the defendants, the Grand Lodge, its master and secretary be required to produce for the inspection of the plaintiff and the Court, by a certain date, all books, papers, records and proceedings in the custody and possession of its secretary or other officials relating to the charges preferred against the plaintiff.

2nd. That all of the defendants, except Burke, may be required to show cause, if any they have, why the suspension of the said plaintiff should not be cancelled, and why he should not be reinstated as a member and as a past master of said subordinate lodge.

3rd. That your orator may be entitled to such other and further relief as the nature of his case may require.

To this bill of complaint the defendants demurred, and the demurrer being overruled, the defendants have appealed from the order overruling the same.

The chief ground of the demurrer, as it appears from the record, is that the plaintiff did not exhaust the remedies afforded him by the constitution, laws and regulations of the order to which he belonged, before invoking the aid of a Court of Equity.

This Court said, speaking through Chief Judge Boyd, in *Camp No. 6* v. *Arrington,* 107 Md. 323, that "although the decisions in some other jurisdictions are to the contrary, the general rule is thoroughly established in this State that a member of a beneficial association cannot, in the absence of fraud, resort to the courts for relief, when there is a by-law or rule in force, which requires him to exhaust the remedies furnished by the association. *Anacosta Tribe* v. *Murbach,* 13 Md. 91; *Osceola Tribe* v. *Schmidt,* 57 Md. 98; *Triesler* v. *Wilson,* 89 Md. 177; *Donnelly* v. *Supreme Council Catholic Benevolent Legion,* 106 Md. 425."

In this case, however, our attention has not been called to, and we are unable to find after careful examination of the by-laws, rules and constitution of the order, any by-law, rule or provision of its constitution affording to the plaintiff the remedy or relief sought by this bill.

Section 2 of Article 5 of the Constitution provides: "It shall not be competent for a lodge to try its master. Any five members of the lodge or the district deputy grand master may, however, impeach him before the grand master, who shall order an investigation of the charges; and if, in his opinion they are well founded and of a character to justify the proceeding, he may suspend the delinquent and summon him to appear at the ensuing meeting of the Grand Lodge, to show cause why he should not be dealt with according to the regulations and usages in such cases established."

Article 6 of the Constitution is upon "Appeals and Restoration," but in this article there is found no provision furnishing the relief here sought by the plaintiff, and as we have said, we have been unable to find any by-law, rule or provision of the Constitution of the order affording him such relief, and the appellant in his brief has cited none to us.

The plaintiff at the time the charges were preferred against him was the master of the subordinate lodge. The grand lecturer, though not named as one authorized to do so by the Constitution of the order, preferred charges against him. These charges were made to the grand master, and he appointed a committee to investigate them. This committee proceeded with its duties under such appointment, and the plaintiff appeared before them, and after denying their right to hear and determine said charges, offered evidence in his behalf.

This, as disclosed by the bill, was the last that he knew of these proceedings until informed by the master of the Grand Lodge that he had been suspended from the order and deprived of the honor of past master.

The above quoted section 2 of Article 5 of the Constitution provides that, if, after investigation, the charges, in the opinion of the grand master, are well founded and of a character to justify the proceeding, "he may suspend the delinquent and summon him to appear at the ensuing meeting of the Grand Lodge, to show cause why he should not be dealt with according to the regulations and usages in such cases established."

The notice to him of his suspension stated in substance, that the commissioners appointed to investigate the charges, had recommended his suspension and that the Grand Lodge had approved of such recommendation.

If in pursuance of the above provision the plaintiff was suspended by the grand master, he was not summoned to appear at the ensuing meeting of the Grand Lodge as required by such provisions, and was not informed that at such meeting of the Grand Lodge the charges so made against him would be considered by it, and thus had no opportunity

to defend himself in that body, against such charges. This was in violation of the rules of the order in establishing the procedure to be followed by it in such cases.

There is no provision in the by-laws or rules of the order, so far as we have been able to find, providing for an appeal in a case like the one before us, nor is there any procedure pointed out by which he may be reinstated.

In matter of discipline, doctrine and internal policy of the organization the rules by which the members have agreed to be governed constitute the charter of their rights, and courts will decline to take cognizance of any matter arising under these rules. Whether the rules have been violated, or whether a member has been guilty of conduct which authorizes an investigation, by the association, or the imposition of the penalty prescribed by it, is eminently fit for the association itself to determine, and, if the investigation is in accordance with its rules, the party charged has no ground of complaint, since it is but carrying into effect the agreement he made when he became a member of the association. *Lawson* v. *Hewell,* 118 Cal. 619. But where, as in this case, it is shown that the proceedings instituted against him have not been conducted in accordance with the prescribed rules of procedure in such cases, and that in violation of such rules he has been given no opportunity to appear and defend himself before the tribunal which is to hear and determine the charges preferred against him, the Court when called upon will not hesitate to interfere in his behalf against the invasion of such rights. *Zeliff* v. *Knights of Pythias,* 53 N. J. L. 537, and other cases cited in note to *McGuinness* v. *Forresters of America,* Vol. 3, page 211, *of Amer. & Eng. Annotated Cases.*

The plaintiff is entitled, upon the allegation of the bill, to at least some of the relief sought by it, and we will therefore affirm the order of the lower Court in overruling the demurrer to the bill.

> *Order affirmed and case remanded, with
> costs to the appellee.*