# THE MOST WORSHIPFUL UNITED GRAND LODGE OF FREE AND ACCEPTED MASONS OF MARYLAND, INCORPORATED, ET AL.,

*vs.*

# MILTON R. LEE.

*Fraternal and benevolent orders: appeals from rulings of society.*

Before a member of a benevolent or fraternal association can obtain redress through the courts from the action of the association, he must take an appeal to its governing or superior body according to the rules and regulations of the society.     p. 682

*Decided January 15th, 1918.*

Appeal from the decree of Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER and CONSTABLE, JJ.

*George W. F. McMechen* (with whom was *W. Ashbie Hawkins* on the brief), for the appellants.

*A. C. Binswanger* (with whom was *W. T. McGuinn* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This case is now before this Court for the second time. The first appeal is reported in 128 Md. 42, and it was an appeal from an order overruling a demurrer filed by the appellant herein. The case, upon being remanded, was heard upon its merits, and the decree being in favor of the plaintiff, the defendants have again appealed.

The opinion filed in the first appeal fully set out the allegations of the bill and clearly announced the law applicable to them, and, therefore, it only remains for us, in order to dispose of the present appeal, to examine the record for the purpose of determining whether or not the allegations of the bill are supported by the testimony taken.

The following quotation from the opinion in the prior appeal, abundantly supported by the authorities, fully sets forth the legal rights of a member of an organiation such as the one here involved: "In matter of discipline, doctrine and internal policy of the organization the rules by which the members have agreed to be governed constitute the charter of their rights, and courts will decline to take cognizance of any matter arising under these rules. Whether the rules have been violated, or whether a member has been guilty of conduct which authorizes an investigation by the association, or the imposition of the penalty prescribed by it, is eminently fit for the association itself to determine, and, if the investigation is in accordance with its rules, the party charged has no ground of complaint, since it is but carrying into effect the agreement he made when he became a member of the association. But where it is shown that the proceedings in-

stituted against him have not been conducted in accordance with the prescribed rules of procedure in such cases, and that in violation of such rules he has been given no opportunity to appear and defend himself before the tribunal which is to hear and determine the charges preferred against him, the Court when called upon will not hesitate to interfere in his behalf against the invasion of such rights."

That was the pronouncement of this Court in dealing with the allegations of the bill upon demurrer, but we are now dealing with the allegations of the bill in the light of the testimony. The questions to be determined are: Has it been shown that the proceedings were not conducted in accordance with the prescribed rules of procedure in such cases, and that in violation of such rules the accused was given no opportunity to appear and defend himself?

It was established by the testimony that Milton R. Lee, the appellee, was on October 21st, 1913, a member of Enterprise Lodge No. 3, a subordinate lodge of The Most Worshipful Grand Lodge of F. & A. Masons of Maryland, an association of colored men; that at that time he was the master or presiding officer of the subordinate lodge. On the 22nd day of October, 1913, charges were preferred with the Grand Master of the The Most Worshipful, etc., against Lee, while presiding at a meeting on the preceding evening of Enterprise Lodge No. 3, with having committed a Masonic offense. Thereupon the Grand Master appointed a committee for the purpose of investigating the charges, so as to determine whether or not the charges were well founded and of such a character as to justify the proceeding, in accordance with section 2 of article 5 of the constitution. Lee was notified of the appointment and time and place of meeting of this committee, and appeared before it with counsel and witnesses. The committee reported that the charges were well founded and justified proceedings against him. The Grand Master immediately suspended Lee from the chair of master, and cited him to the next meeting of the Grand Lodge. At

that meeting a committee was appointed to try Lee on the charges and to report its findings to the next meeting of the Grand Lodge. Lee was notified of the time and place of meeting of this committee and appeared before it with his counsel and witnesses. After the trial was completed, the committee prepared its report and transmitted it to the Grand Secretary to be presented to the Grand Lodge at its next meeting for its action upon it. A summons, upon the order of the Grand Master, was sent to Lee to appear at the meeting of the Grand Lodge since his case would be reported to the Grand Lodge at that time. Lee did not appear for the reason, as testified by him, that he did not get the summons, but he who had been his counsel before the investigation committee and the trial committee and his counsel in all of this Court litigation, was present and did not raise his voice in behalf of the action taken by the Grand Lodge against Lee, for the reason, as explained by him, that at that time he was not counsel. The lodge received the report of the trial committee and adopted its finding of guilt upon the charges and its recommendation that Lee be suspended from his lodge for a period of six months and further ordered that he be deprived of the honor of being a past master. Lee was notified of this action and apparently accepted the ruling by absenting himself from his lodge until the expiration of the six months' suspension, when he appeared at his lodge's meeting place and demanded admission. This was refused him by his lodge until he had complied with a certain condition claimed by the lodge to be necessary, under the constitution, in order to accomplish his reinstatement as a suspended member. Lee refused to comply with the demand of the lodge, relying upon his belief that the provision of the constitution quoted by the lodge did not apply to his case. Lee did not avail himself of section 1, article 6 of the constitution by appealing to the Grand Lodge, from the decision of his lodge, and thus exhaust the remedies furnished by the association, but sought from the courts relief, not from the

action, just spoken of, by the subordinate lodge, but relief from the action of the Grand Lodge in its proceedings, upon the ground that they were null and void.   We are not holding that the action of the subordinate lodge in imposing conditions upon his reinstatement was either right or wrong, but we are holding that, in the absence of fraud, before he could ask a court of equity to decide that question, he should have appealed to the Grand Lodge and have had an adverse decision from it.   *Camp No.* 6 v. *Arrington,* 107 Md. 319.

We are fully satisfied from the testimony that the proceedings by the Grand Lodge were regular and in conformity with the rules, and that the appellee was given every opportunity to appear and defend himself, of which, in fact, he twice availed himself, and that he has no cause of complaint upon which he can call upon a court.   *Smith* v. *Merriott,* 130 Md. 447.

> *Decree reversed, and bill dismissed, the appellee to pay the costs above and below.*