THE SUPREME LODGE OF KNIGHTS OF PYTHIAS OF THE WORLD, PLAINTIFF IN ERROR, v. EMMA FRANCES ESKHOLME ET AL., DEFENDANTS IN ERROR.

1. To render the judgment of a benefit lodge concerning property rights valid, jurisdiction must appear by evidence of compliance with the modes of procedure relating to notice to parties and in other particulars.
2. Irregularities of procedure in the course of the inquiry in such a case, which are contrary to general principles of law, may invalidate the conclusions reached.
3. Want of jurisdiction will obviate the necessity of appeal under rules otherwise applicable.

On error to the Supreme Court.

For the plaintiff in error, *J. Franklin Fort.*

For the defendants in error, *Riker & Riker.*

The opinion of the court was delivered by

BARKALOW, J. The defendants in error in this case brought a suit against the plaintiff in error, in the Essex Circuit Court, upon a certificate of insurance in the Endowment Rank of Knights of Pythias of the World, issued to Samuel Granger.

The defence pleaded was that Samuel Granger had been suspended indefinitely from the subordinate lodge of which he was a member, and that the insurance was thereby forfeited.

The case was tried by a Circuit judge, without a jury, upon an agreed state of facts, together with certain testimony taken in another suit, which was made evidence in this case by agreement. Judgment was rendered for the plaintiffs by the trial judge upon his findings of facts, and upon a writ of error to the Supreme Court that judgment was approved and is now brought here for review. These findings, unless unsupported by evidence, must be accepted by us as the facts in the case.

We do not find any error in this particular except as to the conclusion that the committee of investigation was appointed by the lodge and not by the chancellor and vice chancellor; but that conclusion seems to be without warrant in the testimony, so that we feel constrained to omit that alleged circumstance from consideration. · All that appears with regard to it is as follows:

"It is agreed that on November 1st, 1887, the said charge was received by the lodge and a committee was appointed to investigate the same, and that the minutes of the lodge on this subject are as follows: 'Nov. 1, 1887. Moved that the charge of Bro. M. S. Crane be received and committee be appointed. The same were as follows,'" and here the names are given. It is not stated by whom they were appointed.

The facts in this case were largely the subject of agreement and appear in writing in the "agreed facts," and the pertinent sections of the constitution of the order also form a part of the case.

It is unnecessary here to comment upon those particulars of this agreement which are not in controversy, or to reprint the documents referred to which appeared in the case.

The following requirements of the established mode of procedure of this organization are the ones to be noted:

*First.* Constitution of La Mancha Lodge, article 10, section 1: "Charges or complaints made against members of the lodge under the penal provisions of the laws, rules and regulations, shall be reduced to writing and distinctly state the cause, on or about the time and place of occurrence; said charges or complaints to be presented to the lodge at a regular session thereof, read, received and laid over to the next meeting of the lodge."

It appears that on October 25th, 1887, charges were preferred in writing against Samuel Granger, "read" and "laid over," and that on November 1st, 1887, one week after, "the said charge was" "received" "by the lodge and a committee was appointed to investigate the same." Such is the phraseology of the minutes.

The article and section of the constitution already referred to further provide for service upon the accused of a copy of the charges and also a "notice that the matter will be taken up at the next session of the lodge [giving day and date], when a committee of five members in good standing shall be appointed." No notice of the intended appointment of this committee appears to have been served upon Samuel Granger. The only notice which appears is one of November 9th, 1887, commanding Granger to appear before the committee of trial on November 21st, then and there to answer to the charges and specifications preferred, no mention of the intended appointment of a committee being made. This is the first error appearing in the proceedings which were necessary to give jurisdiction.

*Second.* The second section of article 10 of the constitution of this body provides that after having received all the evidence and proofs presented, a written report of the findings as to the guilt or innocence (of the accused), together with the recommendations of the committee in the case, the journal of their proceedings and the testimony received, shall be presented to the lodge at the second meeting thereafter.

On November 29th, 1887, being apparently the second regular meeting of the lodge after November 21st, it appears that a report of the trial committee was read and a minority report was laid on the table; then that a motion was made that the report of the committee on trial be again read, and carried; that a motion was made that Granger be suspended indefinitely from the lodge, and finally a motion was made to notify Granger to appear before the lodge "on December 12th, 1887, when action would be taken on his case." The minutes of this meeting are obscure, but they seem intended to indicate that the first two motions were carried.

The motion to suspend Granger does not seem to have been put to a vote, and the same would be true of the motion to notify him that action would be taken on the 12th of December did not the letter mailed to him imply that it was passed.

It does not appear in evidence that the report of the trial

committee was accompanied by a recommendation, or by the journal of their proceedings, or by the testimony received. So far as appears in the case, the motion to suspend was made without reference to any recommendation of the committee, and was postponed without action.    This is the second error appearing in the proceedings.

*Third.* It is to be observed that the notice to Granger to appear and " hear the report of the committee of trial" and " what other business pertaining to this case might come before the lodge" was given for the 12th of December.    It is admitted that there was no meeting of the lodge, regular or special, held on that day, and this misleading notice constitutes, on general principles, a third error in procedure.

*Fourth.* The third section of article 10 of that constitution provides that upon consideration of. such a report " a vote shall be then taken, the question being, first, ' Shall the lodge adopt the findings of the committee as to the guilt or innocence of the accused ?' which shall be decided by a majority vote; second, ' Shall the recommendation of the committee stand as the judgment of the lodge ?' "

On December 13th, the day after Granger was notified to appear to hear the report, the report was taken from the table and no action taken upon it, so far as the minutes show, neither was any reference made to any recommendation of the committee, but a motion was made, and carried by a two-thirds vote, that Granger be suspended indefinitely.

Here, it will be seen, was no such vote as the constitution requires; the separate questions were not put as directed and a simple motion to suspend was made and passed; and this constitutes a further irregularity.

In *Vivar* v. *Knights of Pythias*, 23 *Vroom* 455, it was held that a vote to suspend for ninety-nine years was, in effect, to expel, and the same is true of a vote to suspend indefinitely. And it was also held in that case that " an attempt at expulsion, without conviction had in accordance with the rules of the society or under the general principles of law, is nugatory.    The membership of the individual continues."

In this case it will be seen that jurisdiction was not acquired by proper notice of the appointment of a committee of trial, and that the proceedings were in other respects irregular and not such as to justify or sustain a judgment.

The want of jurisdiction does away with the obligation to seek relief by appeal, even when required by the constitution of a lodge, in otherwise proper cases.

"The obligation to appeal is not imposed when the judgment is void for want of jurisdiction. * * * The duty of an expelled member to exhaust by appeal or otherwise all the remedies within the organization arises only where the association is acting strictly within the scope of its powers." *Bacon on Benefit Societies,* § 107.

The judgment rendered by the Circuit Court and approved by the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 15.

*For reversal*—None.