JOHN VENEZIA, RELATOR, v. THE ITALIAN MUTUAL BENEVOLENT SOCIETY OF PERTH AMBOY, NEW JERSEY.

Argued November 7, 1906—Decided February 25, 1907.

1. A member of a benevolent association, against whom proceedings are pending which have his expulsion for their object, is entitled to make such defence as he may have to the charges upon which the proceedings are based, and if he is expelled without being afforded an opportunity to submit his defence, he is deprived of a substantial right which the ordinary principles of justice require that he should be permitted to enjoy.

2. *Mandamus* is the appropriate remedy to effect the restoration of a member of a private corporation who has been irregularly removed from membership.

---

On a rule to show cause why a writ of *mandamus* should not be issued.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the relator, *James S. Wright.*

For the respondent, *Jesse Colyer.*

The opinion of the court was delivered by .

TRENCHARD, J.   This is a rule to show cause why a writ of *mandamus* should not issue to restore John. Venezia, the relator, to his membership in the Italian Mutual Benevolent Society of Perth Amboy, New Jersey, from which it is contended he was unlawfully expelled on October 1st, 1906.

From the evidence, it appears that the respondent was incorporated May 24th, 1904, under the act of the legislature entitled "An act to incorporate associations not for pecuniary profit," approved April 21st, 1898.   *Pamph. L., p.* 422.   It also appears that the objects for which the corporation was formed are "mutual help, aid and improvement;  to provide for the relief of disabled, destitute and sick members, and to maintain a fund for that purpose;  to maintain a fund from which to pay death benefits, according to the by-laws, and agree to pay the same to the wife, mother, son, daughter, sister, brother or legal representative of any member after death, and to do all things by which the members may mutually help and aid each other in sickness and in health."   It also appears that the corporation had accumulated a benefit fund, and that on August 26th, 1906, it adopted the following by-law:  "Article 42. That any member shall march in parade in that day (Labor Day), and anyone who will be absent and he will not give reason why to have being absent shall be expelled from the beforesaid society;" that the relator "did not attend the parade;" that at the next meeting of the society after the parade "the matter of absences was taken up and the officers agreed to expel the plaintiff, and he was expelled then and there;" that no notice of the contemplated action was given the relator;  that the relator was admitted to membership in the society January 5th, 1905, and continued to be a member thereof in good standing until the time of his expulsion.

It is contended by the relator that his expulsion was illegal because, among other reasons, there was no opportunity afforded to him to be heard in his defence.

We think this contention must prevail.

A member of a benevolent association, against whom pro-

ceedings are pending which have his expulsion for their object, is entitled to make such defence as he may have to the charges upon which the proceedings are based, and if he is expelled without being afforded an opportunity to submit his defence he is deprived of a substantial right, which the ordinary principles of justice require that he should be permitted to enjoy. *Berkhout* v. *Royal Arcanum,* 33 *Vroom* 103; *Sibley* v. *Carteret Club of Elizabeth,* 11 *Id.* 295.

The evidence above recited shows, and it is conceded, that the relator was afforded no opportunity to submit his defence, and his expulsion was therefore illegal.

*Mandamus* is the appropriate remedy to effect the restoration of a member of a private corporation who has been irregularly removed from membership. *Zeliff* v. *Knights of Pythias,* 24 *Vroom* 536; *Sibley* v. *Carteret Club of Elizabeth, supra.*

We wish to be understood as expressing no opinion with respect to legality of the manner of the adoption of the by-law in question.

We have reached the conclusion that a writ of *mandamus* should issue, but, in view of the fact that this is a rule to show cause, and that the affidavits are not full, the writ should be in the alternative.

Let an alternative writ of *mandamus* issue.