WARREN R. FALES *vs.* MUSICIANS' PROTECTIVE UNION, LOCAL 198, AMERICAN FEDERATION OF MUSICIANS, *et al.*

FEBRUARY 14, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)   *Trade Unions. Quasi-judicial Proceeding.*

The decisions of a labor union relative to its members are of a *quasi-judicial* character, and when they are not pursuant to the rules and laws of the organization, or not in good faith or in violation of law, so as to render the proceeding void, the exhaustion of the remedy by appeal within the organization is not necessary.

(2)   *Trade Unions. Sunday. Protest.*

Where a labor union in the trial of charges against a member held a session on Sunday without notice to the defendant,

*Held,* the proceedings were void, since in the absence of notice no reason would appear for his supposing the hearings would proceed on that day and he could not be expected to make a formal protest against an action of which he had no notice.

(3)   *Trade Unions. Trial. Continuance.*

Where a member of a labor union having been notified to answer charges against him, gave notice to the committee of the union that he could not attend at the time fixed, on account of a case in the Superior Court which would start on that day in which he was defendant, and continuance of the hearings until the end of the trial, was refused,

*Held,* that the proceedings were void.

(4)   *Trade Unions. Charges. Waiver.*

Complainant, a member of a labor union, having been notified to answer charges against him, appeared on the first day and testified partially

and advising the committee that he would be obliged to leave, was told that he could have a summary of the testimony taken in his absence read to him and an opportunity to answer it. He returned later in the day and the testimony was read to him and he testified in answer to some of the witnesses. The following day he appeared and asked to be excused, and was told that he would be informed of all testimony taken and given an opportunity to reply.

*Held,* that the acceptance by complainant of what was done on those days did not constitute any waiver of his rights upon other days when the trial continued in his absence, such absence not being due to his own neglect or refusal to appear.

(5)    *Trade Unions. Trial. Continuance.*

Where a member of a labor union having been notified to answer charges, requested a continuance of the hearing on account of a case in which he was defendant, which would start on the date fixed for the hearing, and continuance until the end of the trial was refused, and the committee proceeded with the hearing, it could not seize upon an occasion when an unexpected happening caused a break in the continuity of the trial in court to summon the member to appear before the committee and conclude his testimony and thereby validate the violations of his rights involved in the previous proceedings.

BILL IN EQUITY seeking relief. Heard on appeal of respondents and denied.

JOHNSON, C. J. This is an appeal by all of the named respondents in the above entitled bill of complaint from a decree of the Superior Court granting relief to the complainant.

The American Federation of Musicians is a voluntary, unincorporated association. Under its constitution and by-laws it is vested with power to establish local unions throughout the United States and Canada, and to decide all matters pertaining to the jurisdiction of the affiliated local unions. The officers of the Federation consist of a president, three vice-presidents, secretary, treasurer, and one executive officer for each territorial district. These officers constitute the Executive Board. A Traveling Band Committee has authority to try members for violation of certain by-laws of the Federation. Local unions are

empowered to make all necessary laws for local government not in conflict with the laws of the Federation.

The complainant is the director of the American Band, an incorporated organization. He was a member of Musicians' Protective Union, Local No. 198, a voluntary, unincorporated association of musicians in Rhode Island. A member of a local is *ipso facto* a member of the Federation. Each body has a separate constitution and set of by-laws. In March, 1913, the complainant and thirty-seven other members were tried by the Traveling Band Committee for violation of Sections '' D '' and '' L '' of Article V of the Federation laws. The complainant was found guilty and ordered to pay a fine of $1,000, and, because he was considered by said Traveling Band Committee to have testified falsely, he was expelled by said committee. A law of the Federation, Section 3 of Article VII, provides that, '' In cases where members who are tried before the Traveling Band Committee for violation of Article V, By-Laws, commit perjury or testify falsely, the Traveling Band Committee shall have authority to expel them from the Federation.''

The complainant took no appeal within the Federation, but filed this bill of complaint, in which he alleged that the Traveling Band Committee and the defendant Gamble conspired together to deprive him of his rights in the local and in the Federation and to expel him from the local; that they preferred false charges against him; that he was tried in violation of the laws of the Federation and of the State; that in pursuance of said conspiracy he was found guilty and fined and expelled; and that there was no sufficient method of appeal within the Federation. He prayed that the orders be declared void and for an injunction.

The defendants answered denying the alleged conspiracy and averred that the complainant was fairly tried according to the laws of the Federation and of the State,

and that there was a sufficient method of appeal provided within the Federation of which the complainant had not availed himself.

Issues of fact were framed and the case was tried before the presiding justice of the Superior Court on bill, answer and oral testimony.

On March 18, 1913, the complainant was notified to appear before the Traveling Band Committee of the American Federation of Musicians to answer charges; that he had violated Section D of Article V of the Traveling Band Laws of the American Federation of Musicians by paying to the members of his band during summer season of 1911 less than the price stipulated in said Section D of Article V of the Laws of the American Federation of Musicians; and also that he had conspired with members of the Federation who traveled with him as members of his band during summer season of 1911 to defeat the provisions of Section L, Article V, of the Laws of the American Federation of Musicians by failing to provide sleeping accommodations to such members of his band in conformity with said Section L of Article V.

To each of said notices the following was added: " The trial will be held at Building Trades Council Hall, 193 Westminster Street, Room 2, March 21, 1913, at 10 A. M. If you fail to appear the case may be decided against you by default."

The trial commenced March 21 and a transcript of the evidence from the stenographic notes of Miss Emma M. Chase, a Superior Court stenographer, was introduced in evidence in the Superior Court.

The complainant appeared before the Traveling Band Committee March 21 and submitted a written request " that he be given leave to be represented by counsel at the hearing of the above entitled matters; that he be confronted with the witnesses against him in such matters; that he have an opportunity to cross-examine such wit-

nesses and to be advised of the person or persons preferring such charges against him.''

Following this, the transcript reads: '' To this the chairman of the Traveling Band Committee made answer that the Traveling Band Committee represents a volunteer organization; of said volunteer organization, he, Warren R. Fales, is a member; that the laws of said organization do not provide that a member on trial shall be represented by counsel; that the Traveling Band Committee itself is not represented by counsel; that this is not and never was the policy of the American Federation of Musicians, and as he cannot base his request upon a provision contained in the National Law entitled to be represented by counsel, the committee is constrained to deny his request.

''As to your request that you be confronted with the witnesses against you in the matters whereof you have been charged, the Traveling Band Committee will not deny you the opportunity to give evidence in rebuttal, should the evidence of any member of the American Federation of Musicians in this case be against you.''

Mr. Fales then submitted the following document:

'' To Traveling Band Committee of the American Federation of Musicians. *In re* charges against Warren R. Fales for alleged violations of Section D, Article V, of the Traveling Band Laws of the American Federation of Musicians, and *in re* charges against Warren R. Fales for alleged violation of the provisions of Section L, Article V, of the laws of the American Federation of Musicians.

'' The respondent, Warren R. Fales, objects and excepts to the action of the Traveling Band Committee of the American Federation of Musicians in hearing charges against him in the above entitled matters, for the reason that he has been denied representation by counsel at the hearing; that he has been denied an opportunity to be

confronted with the witnesses against him, and that he has been denied an opportunity to cross-examine such witnesses, and has not been advised of the person or persons preferring such charges against him. He appears before the committee expressly reserving his rights in the premises and without waiving his objections hereinbefore set forth.    WARREN R. FALES.''

'' To this the chairman of the committee, on behalf of the committee, answers:

'' You have not been and will not be denied the opportunity to be confronted with the witnesses; you will not be denied the opportunity to examine all the evidence, documentary or otherwise, which will be given against you; you will not be denied the opportunity to give evidence in rebuttal. The only exception to the request which you make upon the Traveling Band Committee is taken against being represented by counsel, as the laws of the American Federation of Musicians itself do not provide that a member should have a right to make such a request; the committee itself is not represented by counsel. The American Federation of Musicians reserves to itself as a volunteer organization the right to try its own members without counsel being present either for one side or the other.

'' MR. FALES: Do you want the stipulations under which I became a member of the union?

'' MR. WEBER: Are you ready to answer the Traveling Band Committee in the charges against you?

'' MR. FALES: I am.''

The trial began and the complainant testified. After question 80 the transcript reads: '' Mr. Fales states that he will be obliged to leave the hearing at this time. Mr. Weber: If you can't stay we shall give you an opportunity to peruse the evidence of all the members. You can answer the same this afternoon or to-morrow morning or to-morrow afternoon. To this Mr. Fales makes

answer that he doesn't care what we do and he cannot stay.'' He then answered two more questions.

Later in the day he returned, was notified to cross-examine Lozzi, and a summary of the testimony of witnesses who had testified in his absence was read to him. Fales was examined by the chairman and by Mr. Ostendorf. He testified in answer to some of the witnesses. The testimony of John Renzi was read to him.

The complainant then presented to the committee a doctor's certificate stating that Mrs. Fales was seriously ill, whereupon the committee adjourned to meet Saturday, March 22, 1913, at 10 o'clock A. M.

The following appears from the transcript: '' Saturday, March 22nd, 1913. Mr. Fales appeared. Upon question, he was informed by Mr. Weber, chairman of the committee, that as a matter of course he will have the opportunity of becoming informed of all the testimony given by all the members of the Federation who testify before the Traveling Band Committee, and have the further opportunity to give testimony in rebuttal in sufficient time so he will have his testimony on the record the same as the other members. Mr. Fales then offered the following and requested it be placed on the records of the case:

' March 22nd, 1913.

*To the Traveling Band Committee of the American Federation of Musicians:*

I respectfully request a postponement of the hearing on the ground that my wife is seriously ill and it is impossible for me on this account to attend the hearings.

WARREN R. FALES.'

' This is to certify that Mrs. Warren R. Fales' condition is such as to require Mr. Fales' constant attendance at home.

M. H. PLATT, M. D.'

Mr. Fales asks to be excused.  Mr. Weber says that it is up to him; that he has a perfect right to stay or leave, as he chooses.''

The complainant did not stay, and on that day, Saturday, March 22nd, the testimony of twenty-two witnesses was taken.  Sunday, March 23d, the testimony of Bowen R. Church was taken.

The Traveling Band Committee met again Monday, March 24th, and the following notice was received from Mr. Fales:

'' March 24, 1913.

*To the Traveling Band Committee of the American Federation of Musicians:*

I respectfully request postponement of the hearing to-day on account that I have a case which opens in court to-day and I being defendant my attorney informs me that I am obliged to be there.

If the case of the Traveling Committee of the A. F. of M. closes without me being able to attend will you kindly furnish me the copy of all testimony taken.

WARREN R. FALES.''

Thereupon the Traveling Band Committee ordered the following notice sent to Mr. Fales:

'' PROVIDENCE, R. I., March 24, 1913.

MR. WARREN R. FALES,

PROVIDENCE, R. I.

DEAR SIR AND BROTHER: —

You are hereby notified that the Traveling Band Committee of the American Federation of Musicians will continue its session up to and including Tuesday, March 25th, for the special purpose of giving you another opportunity to appear before it and conclude your testimony in the case wherein you, as a defendant, have entered an appearance before it on March 21, 1913. , The committee hereby calls your attention to the fact that you

have not been finally excused from giving testimony and that if you fail to conclude your testimony, you do so at your own risk.

The committee will meet at Building Trades Council Hall, 193 Westminster Street, Room 10, Tuesday, March 25, at 10 A. M.

By order of the committee,

JOE N. WEBER,
*Chairman.*"

That day, Monday, March 24th, the testimony of one witness, Comprone, was taken. Tuesday, March 25th, the testimony of Hazard was taken.

On page 226 of the transcript of testimony taken before the Traveling Band Committee, on Tuesday, March 25th, the following appears: " It was reported to the committee that Warren R. Fales did not appear in court Monday morning, March the 24th, 1913, in the case whereof he spoke in his notice to the committee on March 24th; that therefore his reasons that he could not appear before the committee for the reason that he had to appear in court were not borne out by the facts. The committee is further informed that the case would continue in court, however, during Tuesday, March 25th, and therefore the committee decided to send to Mr. Fales the following final notice:

' PROVIDENCE, R. I., March 25, 1913.
MR. WARREN R. FALES, PROVIDENCE, R. I.
DEAR SIR AND BROTHER: —

You are hereby notified that the Traveling Band Committee of the American Federation of Musicians will continue its session up to and including Wednesday, March 26th, for the special purpose of giving you another opportunity to appear before it and conclude your testimony in the case wherein you, as a defendant, have entered an appearance before it on March 21, 1913. The

committee hereby calls your attention to the fact that you have not been finally excused from giving testimony and that if you fail to conclude your testimony or evade appearing before the committee or in any other way place obstacles in the way of the committee to continue to hear your evidence or defence in the charges pending against you before the committee, you do so at your own risk.

The committee will meet at Building Trades Council Hall, 193 Westminster St., Room 10, Wednesday, March 26, 1913, at 10 A. M. and at 2 P. M.

By order of the committee,

JOE N. WEBER, *Chairman.*' "

As to the statement in the above record that the inability of Mr. Fales to appear before the committee on Monday for the reason that he had to appear in court was not borne out by the facts, it is to be noted that Mr. Fales testified in the trial in the Superior Court that the Blumenberg Press case went to trial on Monday, March 24th. Mr. Weber, the chairman of the Traveling Band Committee, testified on cross-examination as follows (p. 142) : " Q. You were satisfied that he did have that case to start Monday?  A. Yes; we found he had a case to start on Monday which did not start on Monday. Q. You mean to state that the case didn't start Monday? A. It wasn't tried throughout the entire day of Monday. Q. It started on Monday?  A. It may have.  Q. Don't you know it did?  A. I was informed they did.  I wasn't in the court room.  Q. You were informed that it did start that day?  A. Yes, sir."

The statement that the case of *Blumenberg Press* v. *Warren R. Fales* did not start on Monday, March 24th, therefore rests entirely on the record of Tuesday, March 25th, that " it was reported to the committee that Warren R. Fales did not appear in court Monday morning,

March 24th, 1913, in the case whereof he spoke in his notice to the committee on March 24th.''

The following appears on pages 229-231 Tr., T. B. C.:

'' Wednesday, March 26, 1913.

Meeting was called at 10 A. M. Warren R. Fales failed to appear. After the committee waited for some time, the following document was received from Warren R. Fales:

' PROVIDENCE, R. I., March 26, 1913.

*To the Traveling Band Committee of the American Federation of Musicians:*

DEAR SIRS: —

I hereby request a postponement of the hearings on charges pending against me before your committee owing to the fact that I shall be engaged all day to-day, Wednesday, March 26th, in the preparation of proofs with counsel in the case now pending in the Superior Court of the *Blumenberg Press* v. *Warren R. Fales, et al.*

I further request a postponement of all hearings in the above matter until the conclusion of said case.

Respectfully,

WARREN R. FALES.' ''

Thereupon the committee decided to send a notice to Warren R. Fales, informing him that the committee meet again at 2 P. M. and will await his appearance at that time.

The chairman of the committee asked whether a member of the Federation was on the premises, and after being informed that Mr. Thomas F. Gamble was outside of the hall, he, with the concurrence of the committee, called in Mr. Gamble and requested him to call on Mr. Warren R. Fales at once and inform him that the committee would meet again at 2 P. M. and await his appearance at that time.

The committee then adjourned until 2 P. M. Wednesday, March 26, 1913, 2 P. M.   .   .   .

Thomas F. Gamble sworn. Mr. Thomas F. Gamble, after being duly sworn, reported and said that he had called on Warren R. Fales at his office, for the purpose of informing him as per instructions of the committee, that the committee would meet again at 2 P. M. on March 26th, 1913, to give him (Warren R. Fales) another opportunity to appear before the committee.

Mr. Gamble also reported that he spoke to Warren R. Fales at 11:20 A. M., March 26th, about the matter, and that said Warren R. Fales was then not in consultation with an attorney and admitted to him (Gamble) that said consultation would not take place until later in the day; that he (Warren R. Fales) may appear before the committee if he could get done with his other affairs in sufficient time to do so.

" Warren R. Fales failed to appear and the committee closes hearing of testimony and takes case under advisement."

On February 2d, 1914, the following notices were sent to Mr. Fales:

" NEW YORK, Feb. 2, 1914.

MR. W. R. FALES,

RIVERSIDE, R. I.

DEAR SIR AND BROTHER: —

I beg to advise you that the Traveling Band Committee of the American Federation of Musicians has found you guilty of violating the laws of the Federation as charged, and has imposed a fine of $1,000 upon you.

You have the right to appeal from this verdict of the Traveling Band Committee to the next convention, under conditions as set forth in the laws of the Federation.

Fraternally yours,

JOE. N. WEBER."

" NEW YORK, Feb. 2, 1914.

MR. W. R. FALES,

RIVERSIDE, R. I.

DEAR SIR : —

I beg to inform you that the Traveling Band Committee of the American Federation of Musicians, in conformity with the laws of the Federation, has found you guilty of giving false testimony before it in the case wherein you had been charged with violating the laws of the Federation during the summer season of 1911, and has expelled you from the Federation.

You have the right to appeal from the verdict of the Traveling Band Committee to the next convention of the American Federation of Musicians. Should your appeal be sustained, it will carry with it your immediate reinstatement, provided no unpaid fines are standing against you.

Yours truly,

JOE N. WEBER."

At the trial in the Superior Court the complainant introduced testimony tending to show that members of the Union refused to work with him because of the order of expulsion, and that therefore he could not lead the American Band on some occasions and that he lost some engagements. There was evidence that the band took some engagements with another leader.

The Presiding Justice entered a decision for the complainant and subsequently a decree was entered granting substantially the prayer of the bill. From this decree the defendants claimed an appeal. Respondents filed nine reasons of appeal. Of these respondents' counsel say in their brief, " In effect the foregoing reasons of appeal. claim that the determination of the Presiding Justice of the Superior Court upon the facts was not warranted by the testimony and that his application of

equitable principles to the facts as he found them was erroneous.".

In his decision the Presiding Justice said: " We think the undisputed testimony shows that the complainant was tried by the respondents on certain charges and that said trial was conducted against his protests upon a Sunday and upon certain week days while the complainant was engaged in a trial of a case before the Superior Court in this State.

" Under these circumstances we think the trial before the respondents should have been continued and that said trial should not have continued against complainant's protests while he was engaged in a trial of a case before the Superior Court. *Pepin* v. *Society St. Jean Baptiste,* 24 R. I. p. 555.

" We do not think that the Superior Court is under obligation to postpone a trial of its cases because of the engagement of parties in a *quasi*-judicial tribunal of inferior jurisdiction. Abbott's Trial Brief, Civil Jury Trials, 2d ed., p. 19.

" We think, therefore, that the findings of the respondents upon said trial were void. This applies as a necessary consequence to the action of said tribunal in expelling complainant, because of alleged false testimony, without further hearing. *Hutchinson* v. *Lawrence,* 67 How. Pr. R. 38.

" Our finding that said proceedings were void exempts the complainant from exhausting his remedy within the society itself by any appeal. We think the complainant is entitled to a decree."

Defendant's counsel contend that by the great weight of authority it is the rule that the remedies within the organization must be exhausted before resorting to a civil court for relief from an order of expulsion or a disciplinary decision.

In 24 Cyc. 827, it is said: " The decisions of a labor

(1) union in admitting, suspending, or expelling members are of a *quasi*-judicial character. In such cases the courts will not interfere except to ascertain whether or not the proceedings were in accordance with the rules and laws of the union, and whether or not the proceedings were in good faith, or if there was anything in the proceedings in violation of the laws of the land.''

In *Connelly* v. *Masonic Mutual Benefit Association,* 58 Conn. 552, the court states the rule as follows: '' The decisions of any kind of a voluntary society or association, in admitting members, and in disciplining, suspending or expelling them, are of a *quasi*-judicial character. In such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society; whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land. If it is found that the proceeding was had fairly, in good faith and pursuant to its own laws and that there was nothing in it in violation of any law of the land, then the sentence is conclusive like that of a judicial tribunal.''

As is implied in the authorities, *supra,* where the proceeding is not pursuant to the rules and laws of the society, or the proceeding was not in good faith, or where there is anything in the proceeding in violation of the laws of the land, so as to render the proceeding void, the exhaustion of the remedy by appeal within the society is not necessary.

Thus, in *Langnecker* v. *Trustees of Grand Lodge A. O. U. W. of Wisconsin,* 111 Wis. 279, where it was conceded that the proceeding to expel the member from the defendant order was void, it was contended that nevertheless his remedy was by appeal. The court, page 283, said: '' It is conceded that the proceeding to expel Richter from defendant order was void, but it is said his remedy was by appeal. No reason is perceived why the rule does

not apply, as contended by respondent's counsel, that an appeal from an inferior to a superior tribunal to avoid the effect of an absolutely void proceeding is unnecessary. So far as we have been able to discover, the courts that have passed upon the question have so held.''

In *Malmsted* v. *Minneapolis Aerie, No. 34,* 111 Minn. 119, the court, page 122, said: '' It is also urged that plaintiff was not at liberty to acquiesce in his expulsion, and take no steps to have the wrong remedied under the laws of the order, and yet recover damages as for a wrongful expulsion. It is, however, well settled that: ' If the action of the lodge be a usurpation, or without notice or authority, it cannot affect the legal rights or change the legal status of any one. The obligation to appeal is not imposed when the judgment is void for want of jurisdiction. It may be likened to a judgment rendered by a court which has no jurisdiction of the subject-matter or of the person. No appeal or writ of error is necessary to get rid of such a judgment. It is void in all courts and places, and the duty of an expelled member to exhaust, by appeals or otherwise, all the remedies within the organization, arises only where the association is acting strictly within the scope of its powers.' Bacon, Benefit Societies (3d Ed.), § 107; *Hall* v. *Supreme Lodge* (D. C.), 24 Fed. 450; . . .''

The question before us therefore is, Did the Presiding Justice err in holding that the proceedings were void?

Respondent's counsel argue that '' the refusal to con-(2) tinue the trial because of the pendency of a case in the Superior Court did not render the trial void or unfair, under the circumstances.'' The circumstances appear in the statement of the proceedings at the trial before the Traveling Band Committee as set forth, *supra,* from the record.

Mr. Fales was notified of the charges against him and was notified to appear and defend against them. He did

4

appear and testified on the first day of the trial. He left during the trial on that day, and was told by the chairman of the committee that he would be informed of the testimony taken in his absence and would be given the opportunity to testify in reply. He reappeared on that day and a summary of the testimony was read to him and he testified in reply. He appeared on the second day and when he left on that day was told the same as on the first day. The next day was Sunday and the trial proceeded on that day with no notice to him that it would so proceed. On Monday he caused notice to be presented to the committee that he would not be able to be present on that day on account of a case in the Superior Court which would start on that day, in which he was defendant and would be obliged to be present in court. The committee proceeded with the trial. The trial proceeded on Tuesday, when there was no dispute that the case in court proceeded. The committee entered in the record of that day the following: " It was reported to the committee that Warren R. Fales did not appear in Court Monday morning, March the 24th, 1913, in the case whereof he spoke in his notice to the committee on March 24th; that, therefore, his reasons that he could not appear before the committee for the reason that he had to appear in court were not borne out by the facts." The record then continues as follows: " The committee is further informed that the case would continue in court, however, during Tuesday, March 25th, and therefore the committee decided to send to Mr. Fales the following final notice." Then follows the notice quoted *supra* in the statement of facts in which Mr. Fales was notified that the committee " will continue its session up to and including Wednesday, March 26th, for the special purpose of giving you another opportunity to appear before it and conclude your testimony in the case wherein you entered an appearance before it on March 21, 1913." Said notice ends

with the statement that " The committee will meet at Building Trades Council Hall, 193 Westminster Street, Room 10, Wednesday, March 26, 1913, at 10 A. M. and at 2 P. M.'' Complainant's counsel claim that this notice was misleading. The notice, however, states that the committee " will continue its session up to and including Wednesday, March 26th.'' This statement does not necessarily exclude the continuance of the trial before the committee on Tuesday, March 25th. The notice, however, gives no time of meeting on Tuesday, March 25th, and does give with particularity the times of meeting on Wednesday, March 26th. The former may have been omitted because the committee thought that because the trial in court would proceed on Tuesday it would be useless to give Mr. Fales notice of the time of meeting upon that day. The effect of the notice, however, whether misleading or not, was to lay stress upon the times of meeting of the committee on Wednesday. Mr. Weber testified in regard to this matter as follows: (P. 133) " Q. 232. Did you know whether he was going to be in court on Tuesday? A. Yes; and when we found out we notified him we would hear him on Wednesday and Thursday, and so on.'' (P. 137) " Q. 257. Then, Mr. Weber, to sum this matter up, you had hearings on Friday the 21st, Saturday the 22d, Monday the 24th, Tuesday the 25th and Wednesday the 26th, did you not? A. Yes; only on one day we adjourned during the time that the case was supposed to come up in the Superior Court, Mr. Fales's case, and the committee adjourned.''

The committee did meet and proceed with the trial upon Tuesday, with knowledge that the trial in court would proceed on that day, although they inserted in the record of that day a statement tending to show that the trial in court did not start on Monday and that Mr. Fales's statement that it would do so was not borne out by the facts. As we have seen the evidence is that the

trial in court did proceed on Monday. If it was improper to.proceed with the trial on Monday, in case the trial in court proceeded on that day, it was equally so to proceed with it on Tuesday under the same circumstances.

Counsel for respondents seem to argue that Mr. Fales by his conduct in the trial before the committee on Friday and Saturday waived his right to be confronted with the witnesses, to cross-examine, and to reply on the succeeding days of the trial. They say: "As the matter stands he adopted or sanctioned the practice of having a summary of testimony taken in his absence read to him when he capriciously left the hearing Friday morning and returned in the afternoon. Furthermore he was not in the Superior Court Monday or Wednesday so that on those days there can be no question as to whether his duty was to the *quasi*-judicial body or to the Superior Court. The opportunity given to him on Wednesday to answer the testimony of the one witness who testified Tuesday and the one witness who testified Monday as well as the witnesses who testified Saturday and the one witness who testified on Sunday *before he had requested a continuance on this ground,* was as fair to him Wednesday as it was Friday when he made use of it." On Friday he appeared before the committee, and it may be said that he adopted or sanctioned the practice of having a summary of the testimony taken in his absence read to him, on that day. He also was before the committee on Saturday and did not stay, and it may be that he accepted the statement of the chairman of the committee that he would have the opportunity of being informed of the testimony and be given an opportunity to reply. On those days it is not questioned that he was properly before the committee on notice. It cannot, however, be said that his acceptance of what was done on those days, when he left during the trial, constituted any waiver of his rights upon other days when the trial continued in his absence.

If he had not appeared at all before the committee, the trial doubtless could have properly proceeded to the end, and he could not complain of lack of opportunity to be confronted with the witnesses, as the notice of the charges and the trial would have given him the opportunity, and he would have neglected it at his own peril. The same would be true as to the succeeding days of the trial if his absence was due only to his own neglect or refusal to appear. The procedure of the committee on Friday and Saturday when he appeared before the committee is not involved in the decision of the Presiding Justice. The proceedings involved are those on the succeeding days of the trial, and the question is whether the committee legally proceeded with the trial on those days. If it did Mr. Fales had no reason to complain. If it did not, what had happened on Friday and Saturday would not constitute any waiver by Mr. Fales of his rights on the succeeding days.

It clearly appears that the trial proceeded against the protest of Mr. Fales on certain week days while Mr. Fales was engaged in a trial before the Superior Court. It also appears that the trial proceeded on Sunday, and it nowhere appears that any notice was given to Mr. Fales of the intention of the committee to proceed with the trial upon Sunday. In the absence of such notice we see no reason for his supposing that it would so proceed. (2) He could not be expected to make a formal protest against an action of which he had no notice. In the case of *Pepin* v. *Societe St. Jean Baptiste,* 24 R. I. 550, cited by the court, where the defendant was a beneficial society, the notice required the member to appear on Sunday to answer the charge and he failed to appear and defend and was expelled. The court held the action of the society not void because transacted on Sunday. The court said, page 553:

"Another ground for demurrer is that, as the hearing

and expulsion took place on Sunday, it was illegal and void.

"It was a rule of the common law that Sunday is a non-judicial day, and many cases have held that a judgment entered on Sunday was void.

"The petitioner argues that the trial in this case was an exercise of judicial power, and therefore void.

"The cases relied on by him relate to judgments of courts, where it has been held, in some upon common-law authority and in some upon statutory provisions, that judgments so entered were void. We recognize the correctness of such decisions upon common-law authority, and also upon grounds of public policy and recognition of Christian practice. The present case, however, does not come within such grounds of prohibition. While there was a trial, the respondent was not a court of law, but a benevolent association, and its action was a part of the business of such a society.

"Such bodies are recognized as charitable organizations because their object is not individual profit, but a provision to relieve its members and their families in cases of sickness and death.

"There was no rule at common law to forbid such societies to transact their business on Sunday. Possibly they are of too recent a date to have been embraced in such a rule.

"As said by Savage, C. J., in *Story* v. *Elliot,* 8 Cow. (N. Y.) 27: 'By the common law, then, it appears, all judicial proceedings are prohibited. All other acts are lawful unless prohibited by statute.' That case involved an award made on Sunday, and the court held it void, as a judicial proceeding, because arbitrators are not only jurors to determine facts but judges to adjudicate as to the law; and their award, when fairly and legally made, is a judgment conclusive between the parties, from which there is no appeal.

''Accepting the rule thus stated, we do not think that the action here complained of was a judicial proceeding in the sense in which the term was used at common law, nor by the court in the opinion last cited. Evidently the courts of New York do not so regard it, for in *People, ex rel. Corrigan* v. *Young Men's Society,* 65 Barb. 357, it was held that a notice to answer charges served on Sunday, and a hearing, resulting in expulsion from a benevolent society, on the next Sunday, were not illegal because the papers were served and were returnable on Sunday, because they were not illegal at common law nor forbidden by statute. The court added: ' The relator chose to belong to a society which held all its regular meetings on that day, and if, at such a meeting, he was served with notice to attend the next meeting, it does not rest with him to make the objection.' . . .

'' No cases are cited by the petitioner, and we know of none, which hold that a society of this sort may not transact its business on Sunday. That which comes nearest to such a statement is *Society* v. *Commonwealth,* 52 Pa. St. 125. The court sustained the expulsion of a member of a relief association for the sick, at a meeting held on Sunday, on the ground that the question of illegality for that cause was not before the court as one of the grounds of demurrer. The court added, by way of *quaere:* ' It might be well to consider how far such trials on Sunday comport with the legislation of the State and the genius of our institutions.' The statute was similar to ours in excepting works of necessity and charity.

'' We think that the necessary work of charitable organizations is within the intent and words of our statute.

'' The petitioner argues against such a construction, for the reason that he might not be able to compel the attendance of witnesses or the aid of counsel on Sunday. This consideration, however, is not raised by any facts set forth in the record. The attendance of witnesses be-

fore such a tribunal cannot be compelled at any time; but a lawyer appearing to defend might be regarded as doing work of his ordinary calling. If either witnesses or counsel should be unwilling to attend on Sunday, or for any cause tending to deprive one of a fair trial he should ask for a reasonable postponement on that account and it should be refused, there would be strong reason for holding such an expulsion to be illegal. But no such facts appear in this case.''

Respondent's counsel, quoting the above, say, '' and no such facts appear in this case.'' However, as stated, *supra,* no notice of an intention to proceed with the trial on Sunday appears in this case. In the cases cited *supra* notice of the hearing on Sunday was given. Even if the Federation of Musicians were a charitable society, that in our opinion would not cure the lack of notice that the trial would proceed on Sunday.

We do not think that the notice to appear before the committee on Wednesday, March 26th, when the court took a recess to enable the judge to attend a funeral, afforded an opportunity to Mr. Fales which cured whatever of illegality there had been in the proceedings up to that time. His request for a continuance till the end of the trial, had been ignored. The committee had continued with the hearing when his case in court was on trial, on the assumption, not borne out by the evidence, that it was not on trial on Monday, and with full knowledge that it was on trial on Tuesday. It had proceeded with its trial on Sunday without notice to him. It could not seize upon an occasion when an unexpected happening caused a break in the continuity of the trial in court to summon the complainant to appear before the committee and conclude his testimony and thereby validate the violations of the complainant's right involved in the previous proceedings. The opportunity to appear before the committee on Wednesday to complete his testimony

was not sufficient to cure his lack of opportunity to be confronted with and to cross-examine the witnesses on the days when the trial before the committee proceeded in his absence on Sunday, Monday, and Tuesday.

The Presiding Justice correctly abstained from any finding upon the merits of the case on trial before the Traveling Band Committee and based his decision only on the procedure of the committee in the trial.

In our opinion the Presiding Justice did not err in holding that the findings of the Traveling Band Committee on the trial before it were void, and that therefore the complainant was exempted from exhausting his remedy within the Federation by appeal.

The appeal is denied and dismissed. The decree appealed from is affirmed and the case is remanded to the Superior Court for further proceedings.

*Wilson, Gardner & Churchill,* for complainant.

*Boss & Barnefield, William P. Maloney,* for respondents.