JOHNSON *v.* INTERNATIONAL OF THE UNITED
BROTHERHOOD OF CARPENTERS AND JOIN–
ERS OF AMERICA, Local Union No. 971, Et Al.

No. 2877

May 21, 1920. 288 P. 170.

*Frame & Raffeto,* for Appellant:

*Thatcher & Woodburn,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

On and some time prior to September 13, 1926, the plaintiff was a member of local union No. 971, a subordinate of the International of the United Brotherhood of Carpenters and Joiners of America, an unincorporated benefit society. At a meeting held on the date mentioned, a motion was adopted by said local expelling plaintiff from membership therein.

This suit was instituted to enjoin defendants from

excluding plaintiff from membership in said organization, for damages, and for general equitable relief.

The complaint alleges, inter alia, that plaintiff was willfully, wrongfully, and maliciously expelled from defendant organization, and that no written charges were filed against him; that he was not given a trial as guaranteed by the constitution and laws of the organization; and alleged that he had exhausted all remedies available to him within the organization.

The complaint pleads section 55 of the constitution and laws of the defendant organization, which provides that charges alleging an offense must be made in writing and must specify the offense or offenses charged and the section violated, and must be signed by the member making the charge; that the charges must be read at the meeting and lay over until the next meeting; that the member charged must be notified and furnished a copy of the charges by registered mail; that all charges must be referred to a trial committee; that the accused shall be allowed until the next regular meeting to appear and reply; that the chairman of the committee shall summon the accused in writing, together with the witnesses for and against him.

The constitution and laws also provide that any member having a grievance may appeal to the general president for redress, subject to a further appeal to the general executive board and a final appeal to the general convention. It also provides that a member must exhaust his resources allowed by the constitution and laws within the organization before taking his case to the civil courts.

The defendants answered, denying, inter alia, the material allegations of the complaint alleging that no written charges were filed against the plaintiff and that he was wrongfully, willfully, and maliciously expelled from defendant organization without written charges having been filed against him. The answer admits that no trial was given the plaintiff, but alleges that he pleaded guilty to the charges which had theretofore been preferred.

Upon the trial, a judgment was entered dismissing the suit at the cost of plaintiff, upon the ground that he had not exhausted his remedies within the defendant organization.

■ The evidence, though conflicting on that point, shows that a written charge was presented against the defendant on September 13, 1926, as follows:

"The following is the statement made by D. E. Johnson in the presence of Chas. Varney and Chas. Warner.

"Why in hell don't they change the name of the S. of a B. of an organization from the United Brotherhood of Carpenters and Joiners of America to the Contractors and Petty Politicians Association. [Signed] Chas. H. Varney."

After the charge was read, the defendant stated that a part of the matter stated was true and that a part of it was false, and demanded a trial as provided in the laws of the organization. The chairman of the local held that the plaintiff had pleaded guilty and that no trial was necessary.

The minutes of the local, as corrected, read: "Motion by Brother C. H. Varney that Brother D. E. Johnson be expelled for trying to create dissension and working against the harmony of the United Brotherhood."

The motion was adopted, and Johnson was requested to leave the hall. Thereafter Johnson took an appeal to the general president, who dismissed the appeal on the ground that the local acted for the best interest of the membership; but he took no further appeal.

Section 54, par. B, of the constitution, provides: "Any officer or member who endeavors to create dissension among the members or works against the interest and harmony of the United Brotherhood * * * shall be expelled. * * * *"

Paragraph B, sec. 55, of the constitution and laws of defendant organization, is as follows: "All charges must be made in writing, and must specify the offense or offenses, and the Section of the Constitution and Laws of the United Brotherhood so violated, and be signed by the member or members making such charges."

The charge fails utterly to comply with this require-ment. It does not specify any offense; neither does it specify the section of the constitution and laws alleged to have been violated. To constitute an offense, it must specifically charge that he was guilty of some act or acts prohibited by some law of the organization.

Assuming that it was the intent to charge Johnson with violation of section 54, par. B, an endeavor to create dissension is an essential element of the offense to be embraced in the charge. This element is not embraced in the charge against Johnson; hence he was not charged with the offense of endeavoring to create dissension among the members. While the language Johnson is charged with using is scandalous and reprehensible, it does not necessarily charge him with endeavoring to create dissension. We appreciate that courts should not be anxious to require such charges to be strictly technical, but they should convey to the accused a knowledge of the charge made against him. This was no doubt the purpose of providing that the charge should refer to the section upon which the charge is based.

As the charge did not contain an essential element of an offense, Johnson might have admitted the truth of everything contained therein unreservedly, and still not plead guilty to violating a law of the organization.

██ But, if we were to concede that the written charge alleged an offense, the judgment would have to be reversed, for the reason that there was no plea of guilty, nor a trial. It is clear that Johnson never intended to plead guilty, for the reason that he demanded at the time a trial as guaranteed by the constitution and laws. The failure to afford Johnson this privilege renders the proceedings absolutely null and void. In Wachtel v. Noah Widows' & Orphans' Soc., 84 N. Y. 28, 38 Am. Rep. 478, it is said: "It is well settled that an association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the person charged, or without giving him an opportunity to be heard."

While there seem to be some authorities which hold

that, whether an expulsion be void or irregular, the aggrieved party must exhaust his remedies within the offending body, the great weight of authority is to the effect that, where the proceedings resulting in suspension, expulsion, or other penalty, are not conducted in compliance with the requirements of the organization itself, or are contrary to law and the fundamental principles of justice, the aggrieved member may apply at once to the civil courts for relief.

In Otto v. Journeymen Tailors' Protective & Benev. Union, 75 Cal. 308, 17 P. 217, 219, 7 Am. St. Rep. 156, the court, in a concise, terse opinion, held that one who had paid his dues and assessments, and who was entitled to participate in the benefit feature of the association, had property rights involved, which, if violated, entitled him to the protection of the courts. We quote from the opinion: " * * * In the matter of expulsion the society acts in a quasi judicial character, and, so far as it confines itself to the exercise of the powers vested in it, and in good faith pursues the methods prescribed by its laws, such laws not being in violation of the laws of the land, or any inalienable right of the member, its sentence is conclusive, like that of a judicial tribunal. Com. v. [Pike Beneficial] Society, 8 Watts & S. [Pa.] 250; Burt v. Lodge, 44 Mich. 208; [Id., 66 Mich. 85], 33 N. W. 13; Robinson v. Lodge, 86 Ill. 598. The courts will, however, decide whether the ground for expulsion is well taken. Hirs. Frat. & Soc. 55; [Savannah] Cotton Exchange v. State, 54 Ga. 668. It has been held in reference to the expulsion of members from societies of this character, that the courts have no right to interfere with the decisions of the societies, except in the following cases: 'First. If the decision arrived at was contrary to natural justice, such as the member complained of not having an opportunity to explain misconduct. Secondly. If the rules of the club have not been observed. Thirdly. If the action of the club was malicious and not bona fide.' Hirs. Frat. & Soc. 56; Dawkins v. Antrobus, 44 Law T. 557; Lambert v. Addison, 46 Law T. 20."

The conclusion of the court was that the plaintiff

did not have a fair trial by the defendant and that the plaintiff should be reinstated.

■ The general rule applicable to cases of suspension or expulsion by organizations of the character of the defendant is correctly stated in 5 C. J. pp. 1358, 1359, as follows:

"In the matter of the suspension or expulsion of a member, the association acts in a quasi judicial capacity, and where the society, fairly and in good faith, acts within its powers, and in accordance with its laws and the law of the land, its decision, like that of a judicial tribunal, is conclusive as against a collateral attack. * * * "

"Conversely, a court of equity will reinstate a member, where the association, in suspending or expelling him, acted unfairly or in bad faith, or beyond its powers, and not in accordance with its laws or the law of the land, such relief being granted by way of a decree annulling the wrongful suspension or expulsion, adjudging the member to be entitled to the rights and privileges of membership, and directing his restoration or reinstatement, or enjoining the association from depriving him of such rights and privileges or interfering therewith. Accordingly, the court may inquire into the power and jurisdiction of the association to suspend or expel the member, the reasonableness and propriety of the suspension or expulsion and the grounds thereof, and the regularity of the proceedings. * * *

"Before applying to a court of equity for reinstatement, a disfranchised member must as a rule exhaust all remedies available to him under the laws of the association. But this rule does not apply where the association, in suspending or expelling the member, acted entirely without jurisdiction, it has been held, or where the remedy provided by the laws of the society is not available to the member, or there is an extremely remote possibility of its proving effective; and the rule is of course inapplicable where no remedy is afforded by the laws of the association."

It is said in Bacon, Benefit Societies (3d ed.), sec. 107,

that: " * * * It is, however, well settled that: 'If the action of the lodge be a usurpation, or without notice or authority, it cannot affect the legal rights or change the legal status of any one. The obligation to appeal is not imposed when the judgment is void for want of jurisdiction. It may be likened to a judgment rendered by a court which has no jurisdiction of the subject-matter or of the person. No appeal or writ of error is necessary to get rid of such a judgment. It is void in all courts and places, and the duty of an expelled member to exhaust, by appeals or otherwise, all the remedies within the organization arises only where the association is acting strictly within the scope of its powers.' "

Such is the law as recognized by all authorities in England and by a great weight of authority in the United States. Sustaining the view stated, we mention some of the authorities. Wayman v. Perseverance Lodge, 1 K. B. (Eng.) 677, 116 L. T. N. S. 14, 86 L. J. K. B. 243; Innes v. Wylie, 1 Car. & K. 257 (Eng.) ; State ex rel. Cicoria v. Corgiat, 50 Wash. 95, 96 P. 689; Fales v. Musicians' Pro. Ass'n., 40 R. I. 34, 99 A. 823; Venezia v. Italian, etc., 74 N. J. Law, 433, 65 A. 898; Most Wor. United Grand Lodge v. Lee, 128 Md. 42, 96 A. 872, Ann. Cas. 1918E, 1174; Rueb v. Rehder, 24 N. M. 534, 174 P. 992; Pratt v. Amalgamated, etc., 50 Utah, 472, 167 P. 830; Black & White Smiths' Soc. v. Vandyke, 2 Whart. (Pa.) 309, 30 Am. Dec. 263; Stevens v. Minneapolis F. D. R. Ass'n., 124 Minn. 381, 145 N. W. 35, 50 L. R. A. (N. S.) 1018; Hall v. Supreme Lodge, etc. (D. C.) 24 F. 450; Com. ex rel. v. Pike Ben. Soc., 8 Watts & S. (Pa.) 251; Supreme Lodge, K. of P. v. Eskholme, 59 N. J. Law, 255, 35 A. 1055, 59 Am. St. Rep. 609.

The learned author and jurist, Seymour D. Thompson, in referring to the authorities holding that one must first exhaust his remedies within the organization, in Mulroy v. Knights of Honor, 28 Mo. App. 463, said: "But all the cases which so hold either expressly state, or tacitly assume, that, in the action which the society took, and against which relief was sought, it acted

within the scope of its powers, and in prosecuting their inquiries into the propriety of the action of such societies in the expulsion of members, or in the disposition of property, or otherwise, courts have in general proceeded no further than to inquire whether the judicatory provided by the laws of the society, which acted, had jurisdiction in the particular case."

Entertaining the views expressed, it follows that the judgment and order appealed from must be reversed, with instructions to the trial court to proceed in accordance with the views herein expressed.

It is so ordered.

DUCKER, C. J., I concur.

SANDERS, J. (concurring) :

This is an appeal from a judgment of dismissal of the plaintiff's action and from an order denying plaintiff's motion for new trial.

The complaint sets up two causes of action, each predicated upon the fact of the plaintiff's expulsion from local union 971, a component part of the United Brotherhood of Carpenters and Joiners of America, consisting of a large number of local unions and members subject to its constitution and laws, made a part of the record in this case.

I approach the questions involved in the spirit that courts do not interfere with the actions of voluntary associations, as to controversies between their members as to the method and manner in which the rights of membership may be maintained and continued. It is only upon the clearest kind of showing, either that the constitution and rules are violated by the decisions of the tribunal within the organization, or that the remedies provided for appeal from or the review of the decisions of their own constituted tribunals are nonexistent or unreasonable, should courts permit their jurisdiction to be invoked. In other words, the constitution, laws, and regulations of the brotherhood are in the nature of a contract between its members, and they, as well as the brotherhood, are bound thereby; that the courts are

not disposed to interfere with the internal management of such associations; that the expulsion of a member, if for cause within the tribunal of the association by which it is pronounced, after notice and an opportunity to be heard and a trial conducted in accordance with the constitution, laws, and regulations of the association, is conclusive upon the civil courts. Oakes Organized Labor and Industrial Conflicts, sec. 61, and cases cited.

The plaintiff by his first cause of action seeks to recover from local union No. 971 and its codefendants the sum of $100,000 actual damages and, in addition thereto, the sum of $100,000 punitive damages for his alleged willful, wrongful, unlawful, and malicious expulsion from local union No. 971. By his second cause of action the plaintiff seeks reinstatement as a member of local union No. 971 because of his alleged wrongful and unlawful expulsion through an injunction in equity without any claim for damages. No demurrer was interposed. Upon issues joined, the case was tried to the court without a jury. It appears that, after a full hearing, the court made and caused to be entered its findings of fact and conclusions of law upon which it was adjudged and ordered that the plaintiff's actions be dismissed. The judgment, of course, necessitates a review of the findings and conclusions of law upon which it was rendered and entered. The court, among other of its findings, found as follows:

"That under the constitution and by-laws of Local Union 971 the plaintiff was afforded the right to appeal from the ruling of Local Union 971 to the International of the United Brotherhood of Carpenters and Joiners of America.

"That the plaintiff accepted the ruling of Local Union 971 and did not exhaust and has not exhausted the remedies afforded to plaintiff as a member of Local Union 971 under the constitution and by-laws of that organization."

From these findings the court deduced the following conclusions of law:

"That the plaintiff is not entitled to the remedy demanded in his complaint.

"That this action should be dismissed with costs to the defendants."

Subject to qualifications, it is a general rule that one seeking to set aside the decisions of a union tribunal must first exhaust his remedy in the organization before appealing to the courts, since members of such association, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to the courts of justice to set aside the illegal awards of such tribunals as long as there is another body which has power to adjust the sentence and which has not been appealed to. Oakes Organized Labor and Industrial Conflicts, sec. 63; Martin on Modern Law of Labor Unions, sec. 317.

The constitution and laws of the United Brotherhood contains this provision: "That a member must exhaust his resources allowed by the constitution and laws of the United Brotherhood before taking his case to the civil courts."

This provision conforms to the rule above stated, and is, in my judgment, sufficiently broad in scope and intent to include any case, whatever be the nature or character of the grievance, or whether the case be one at law or in equity. The constitution and laws do not, however, provide a penalty for resorting to civil courts before exhausting all the resources allowed by the constitution and laws of the brotherhood.

The necessity of first exhausting the remedies in the organization before appeal to the courts is subject to the qualification that, when the act complained of is void for want of authority or jurisdiction, the obligation to take an appeal from the judgment of the tribunal of last resort within the organization does not exist. Local No. 7 of Bricklayers', etc., Union v. Bowen (D. C.) 278 F. 271; Oakes Organized Labor and Industrial Conflicts, sec. 63.

The constitution and laws of the United Brotherhood provides an elaborate and well-conceived scheme,

which may be called a code of procedure for the trial of charges against members by members. The answer of the defendants admits that the plaintiff was not tried in accordance with the laws of the organization. Being deprived of his constitutional right to be heard and tried in the manner as provided in the constitution and laws of the United Brotherhood, it follows that the procedure for the expulsion of plaintiff from local union 971 was without legal effect. Oakes Organized Labor and Industrial Conflicts, sec. 16, p. 26.

It is insisted in argument that the plaintiff, having accepted the ruling of local union 971 and not having exhausted the remedies afforded him by the constitution and laws of the United Brotherhood, particularly the right of appeal, his action was premature and was correctly dismissed. My answer to this contention is that the plaintiff's expulsion was not conducted to judgment in accordance with the constitution and laws of the organization. As above stated, the weight of authority is in favor of the position that the obligation to take the appeal allowed by the constitution and laws of the organization does not exist when the judgment is void for want of authority or jurisdiction.

There is another phase of the findings of fact which deserves brief discussion. Stress is made in the findings of the plaintiff's admission of the truth of part of the charge preferred against him. Certainly, before his summary expulsion upon motion, he was entitled under the constitution and laws of the organization to be heard and tried. The court found, however, in substance, that local union 971 had full and complete power and jurisdiction to determine whether or not the charge to which the plaintiff pleaded guilty was sufficient grounds for his expulsion from said local. This is true, but subject to the qualification that its power and jurisdiction be exercised and conducted in the manner provided by the laws and rules of the United Brotherhood of which local union 971 is subordinate.

I am not in accord with the conclusion reached by my associates that the charge preferred against the

plaintiff was not sufficient under the constitution and laws of the United Brotherhood to justify his expulsion from membership in local union 971, and in that it does not expressly refer to the particular provision of the constitution and laws violated.

A charge against a member of a voluntary association for breach of its laws is sufficiently specific when it apprises the member of the nature of the charge and enables him to prepare his defense. Levy v. Magnolia Lodge, I. O. O. F., 110 Cal. 297, 42 P. 887. By the clear, unmistakable, and unequivocal language of the charge, the accused could not possibly be mistaken as to its nature. The record shows that he demanded a trial upon the charge, thus showing that he was acquainted with the particular provision of the laws relating to penalties. It is true the charge does not expressly refer to the particular provision of the law violated, but it does so by clear implication, which in a case of this kind is sufficient. 3 Cal. Jur. 352.

In the present condition of the record, and particularly in view of the fact that the plaintiff by his complaint seeks to recover both actual and punitive damages and reinstatement in equity because of his claimed illegal expulsion, I am of the opinion that the case should be remanded and tried in accordance with the settled rules of procedure and principles of law applicable to cases of this kind.

I concur in the order of reversal of the judgment solely upon the ground that the trial court gave a wrong reason for the dismissal of the action.