# GRAND CHAPTER, ORDER OF EASTERN STAR,
## ET AL.

### vs.

## PEARL E. KLUTCH.

*Beneficial Society—Decision of Tribunal—Conclusiveness.*

The state grand chapter of a beneficial order being by its constitution empowered to decide all "questions of law" arising in any of the subordinate chapters within its jurisdiction, its decision, on appeal from a decision of a subordinate chapter, that a resolution adopted by it was not repealed by a later constitution, and was still effective and binding on a member of the subordinate chapter, was final and conclusive, in the absence of any suggestion that the member's right to a fair and regular hearing was not duly protected.

*Decided January 17th, 1924.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Bill by Pearl E. Klutch against Grand Chapter, Order of the Eastern Star, State of Maryland, and Tuscanna Chapter, No. 24, Order of the Eastern Star, Baltimore, Md. From an order overruling a demurrer to the bill, defendants appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Eldridge Hood Young,* with whom were *Charles B. Backman* and *Young & Crothers* on the brief, for the appellants.

*Forrest Bramble,* for the appellee.

URNER, J., delivered the opinion of the Court.

A resolution of the Grand Chapter of the Order of the Eastern Star of Maryland, passed in 1904, is as follows:

> "Resolved, That no member of the Order of the Eastern Star be allowed to associate with or become a member of the Order known as the 'White Shrine of Jerusalem' and that the Grand Secretary be authorized to notify all subordinate Chapters of our action in the matter; after such notice, all members connecting themselves with the above Order shall be expelled from the Order of the Eastern Star."

The appellee, while a member of a subordinate chapter of the Order of the Eastern Star in the City of Baltimore, known as Tuscanna Chapter, No. 24, became a member in May, 1921, of the Order of the White Shrine of Jerusalem. Subsequently, in the same month, the Grand Chapter of Maryland of the Eastern Star advised all the subordinate chapters of the order in the State that the resolution we have quoted was in force and must be observed. In the following August, at a special session of the Grand Chapter, the resolution of 1904 was declared to be a law of the order, but a provision was adopted: "That those members of the Order of the Eastern Star in Maryland who are now affiliated with the 'White Shrine of Jerusalem,' be allowed sixty days to withdraw from the said 'White Shrine of Jerusalem,' or be subject to expulsion as provided in the resolution." Notice of this action was given the appellee, and she was requested to withdraw from the White Shrine of Jerusalem within the period which the Grand Chapter of the Eastern Star had specified. Not having complied with this request, the appellee, with other members of the Eastern Star in the same situation, for the purpose of preventing action for their expulsion, filed a bill for an injunction against the Grand and Subordinate Chapters of the order. After a demurrer to that bill had been sustained, the appellee proceeded to avail herself of the

remedies provided under the laws of the order by making defense when brought to trial before Tuscanna Chapter for violation of the resolution against membership in the White Shrine of Jerusalem, and by appealing from the judgment against her at the trial to the Grand Chapter of the State, where the decision below was confirmed, and by appealing further to the General Grand Chapter of the order in the United States, whose conclusion was that the question presented was beyond the scope of its appellate authority. The pending bill of complaint was then filed to have the appellee's expulsion restrained, and the statement of facts we have made is based upon its allegations. A demurrer to this bill was overruled, with leave to answer. The order to that effect is the basis of the present appeal.

The contention of the appellee is that the resolution of 1904, prohibiting members of the Eastern Star from joining the White Shrine of Jerusalem, was repealed by the adoption in 1918 of a new constitution by the Grand Chapter of the Eastern Star of Maryland, for the government of itself and the subordinate chapters of the State, in which no such provision was included, and that even if unrepealed, the resolution had not become effective when the appellee joined the White Shrine, because the notice for which it provided had not then been given to the subordinate chapters. It was alleged in the bill that the appellee was unaware of the resolution when she became a member of the White Shrine. It was averred also that she could not resign from that order, and could not "demit" from it because of the fact that it was then "under dispensation." But it appears from the testimony taken at the appellee's trial before Tuscanna Chapter, a transcript of which was exhibited with the bill in this case, that other members of the Eastern Star who had joined the White Shrine were able to comply with the condition of withdrawal from the latter order upon which their membership in the former was made dependent.

The constitution governing the Order of the Eastern Star in Maryland contains the following provision:

> "The Grand Chapter shall have and maintain jurisdiction over all Chapters of the Order in the State. It shall hear and determine all appeals from constituent Chapters; decide all questions of law, usage and custom which may arise in or between them; grant new charters to new Chapters; enact and enforce all laws and regulations for the government of the Order, subject to the General Grand Chapter; and shall be sovereign and supreme in all matters relating to the Order within the territorial limits of its jurisdiction;
> * * * ."

There is no charge of fraud in the bill of complaint, or any allegation that the trial of the appellee before the subordinate chapter and the hearing on appeal were not fairly and regularly conducted according to the course of procedure which the rules of the order prescribe. The question is simply as to the existence and effect of a law of the order which the appellee is said to have violated. The conduct to which the provision, if operative, would apply is conceded. But it is denied that the law was in force when the act complained of was committed. The issue thus raised is one which the Grand Chapter of the Order is expressly authorized by its constitution to determine. Under the power to "decide all questions of law" arising in any of the chapters within its jurisdiction it was competent to decide the question as to whether the resolution of 1904 was effective and binding upon the members of Tuscanna Chapter at the time of the appellee's affiliation with the White Shrine of Jerusalem. Its decision upon that question of law was final so far as any further right of appeal in the order was concerned. The tribunal of last resort in the order has definitely decided that the provision in dispute was not repealed by the Constitution of 1918, which makes no reference to it, but was

in effect and obligatory upon the appellee, when she assumed the relationship with the White Shrine which it prohibited.

It is stated in the briefs that only members of the Eastern Star are eligible to membership in the White Shrine, and the resolution forbidding members of the Eastern Star to join the White Shrine is said by the appellant's counsel to have been passed upon the theory that such an affiliation would virtually add another to the number of degrees to which the Eastern Star was strictly limited by its constitution. The considerations which prompted the passage of the resolution are not material in our present inquiry. The internal policy of the order in regard to qualifications for membership should not be questioned by this Court, unless some principle of public policy is involved. It does not appear that any such principle is contravened by the provision now being considered.

Under the settled law in Maryland we ought not to interfere with the action of the Grand Chapter in deciding a question which was clearly within the legitimate scope of its jurisdiction. As a member of the Eastern Star, the appellee was bound by the agreement embodied in its constitution that the Grand Chapter should determine such a question as the one she submitted for its decision and which she now seeks to have adjudicated in this suit. The judgment of the tribunal created by the laws of the order should be regarded as final and conclusive in the absence of any suggestion that the right of the appellee to a fair and regular hearing was not duly protected. The rule in such cases, as stated in *Donnelly* v. *Supreme Council*, 106 Md. 430, is that "when the tribunals of the order have power to decide a disputed question, their jurisdiction in exclusive, whether there is a by-law stating such decision to be final, or not, and that the courts cannot be invoked to review their decisions of questions coming properly before them, except in cases of fraud. This is true, whether the member does not press his claim at all before the tribunals of the order, or whether he carries it through the

final tribunal, or whether he goes through only a part of the hearings which he might have in the order. According to the law of this State it is the existence of a tribunal, properly erected and charged with the duty of determining the rights of the members as between themselves and the order, which is a bar to a suit in court of a member against such order in regard to any question so confided to the tribunals of the member's own choice." This principle had been previously applied in the cases of *Osceola Tribe* v. *Schmidt,* 57 Md. 105; *Weigand* v. *Fraternities Order,* 97 Md. 456; *Triesler* v. *Wilson,* 89 Md. 172, and *Anacosta Tribe* v. *Murbach,* 13 Md. 91; and it has since been recognized in *Smith* v. *Merriott,* 130 Md. 451; *Worshipful Grand Lodge* v. *Lee,* 128 Md. 49, 131 Md. 685; *Baltimore Lodge* v. *Grand Lodge,* 134 Md. 358; *Universal Lodge* v. *Valentine,* 134 Md. 505; *Camp No. 6* v. *Arrington,* 107 Md. 323; *Grand Lodge* v. *Murphy,* 139 Md. 233.

The issue presented in this case having been finally decided, after full hearing in due course of procedure, by a tribunal of competent jurisdiction, created by the laws of the order in which the appellee claims the right to continue her membership, we must hold that her present suit cannot be maintained.

*Order reversed, with costs, and bill dismissed.*