FRANK L. DURKIN *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN

[No. 28, April Term, 1936.]

*Decided June 10th, 1936.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Charles E. Moylan* and *Wilfred T. McQuaid,* with whom was *Michael Paul Smith* on the brief, for the appellant.

*Michael J. Manley,* with whom was *Joseph W. Shirley, Jr.,* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

The appellant, Frank L. Durkin, is a member in good standing of the Brotherhood of Locomotive Firemen and Enginemen, a fraternal beneficiary society, hereinafter referred to as the Brotherhood, his contract with which consists of his application for membership, application

for beneficiary certificate, the certificate, and the constitution of the Brotherhood. Prior to August 18th, 1933, Durkin made a claim for disability benefits, alleging he had suffered a total and permanent disability. This claim was denied by the general secretary and treasurer of the Brotherhood, and appellant thereafter appealed to the international president and board of directors of the Brotherhood, who likewise disallowed it. Within six months thereafter he brought this suit.

His amended declaration contains two counts, the first of which alleges that on November 16th, 1925, appellee issued its policy or beneficiary certificate to him in the sum of $1,500, and thereby insured him in that amount and granted to him all the rights, privileges, and benefits of membership in the Brotherhood, and that, in the event of his becoming afflicted or sustaining one or more of the physical or bodily ailments for which payment was provided in the constitution of the Brotherhood, he was entitled to participate in its beneficiary fund to the extent of $1,500; that included among said physical injuries or bodily ailments, for which payment is provided in the constitution, is the bodily ailment or affliction of total and permanent disability; that he has complied with all provisions of the certificate and constitution, and is totally and permanently disabled and entitled to the payment of $1,500 as provided therein, for which sum he has made demand upon the defendant, and the latter has refused to pay the same.

The second count alleges appellant is a member of the Brotherhood and entitled to all rights, privileges, and benefits of membership in the organization, and that, in the event he should become totally and permanently disabled, except on account of consumption of the lungs, he became entitled to receive $50 per month for each full calendar month, and a proportionate amount for a fraction of a calendar month from the time his application for such benefits is received at the Grand Lodge office of the Brotherhood until his death or until he should not longer be totally and permanently disabled;

that since August 18th, 1933, he has been totally and permanently disabled, but not on account of consumption of the lungs, and he made application to the Brotherhood on account of his total and permanent disability for the benefits to which he was entitled; that his application was received at the Grand Lodge office of appellee on or before August 18th, 1933, and he is entitled to payment by appellee of the sum of $50 per month for each and every calendar month and a proportionate amount for each fraction of a calendar month, accounting from said date, which benefits he has demanded, but the appellee has refused to pay the same.

The Brotherhood demurred to the first count, assigning as a reason therefor that the total and permanent disability alleged therein did not entitle him to payment of the beneficiary certificate, but that he became entitled to such payment with certain deductions as provided in its constitution only upon "sustaining the loss of a hand by amputation or actual separation, at or above the wrist joint, or the loss of a foot by amputation or actual separation, at or above the ankle joint, or the total or permanent loss of sight of an eye, or upon reaching the age of seventy years." This demurrer was sustained by the lower court without leave to amend.

To the second count the Brotherhood pleaded that it was a fraternal beneficiary society operating upon the lodge system, with ritualistic form of work and conducting itself for the sole benefit of its members, with no attempt at profit making, and its funds were raised by mutual and voluntary assessments and contributions; that the claim of the plaintiff arose solely by virtue of his application for membership, application for beneficiary certificate, the certificate, and the constitution of appellee, in which it was provided that the claim of a member for permanent and total disability should first be submitted to the appellee's general secretary and treasurer, with the right in appellant to prosecute an appeal from his action, and, after a careful investigation, his claim was disapproved by the general secretary and

treasurer on February 1st, 1933, from which decision no appeals were taken, but that the second application for disability benefits made by him was received on August 18th, 1933, by the general secretary and treasurer of the Brotherhood, and, after another careful investigation, his application for disability benefits was disapproved by that official on October 12th, 1933, whereupon the plaintiff below prosecuted an appeal from the decision of that official to the international president and board of directors, and the decision of the general secretary and treasurer in disallowing his claim was approved on such appeal by the last-named body, whose decision was by article 2, section 5 (11), of its constitution, final; further that it was provided by article 2, section 7 (h) thereof, that the said board of directors should carefully investigate appeals presented to them, and should "equitably determine the controversy," and their decision should be final.

An amended replication was filed by plaintiff below to this plea, in which it was alleged that, even though the plaintiff prosecuted an appeal from the decision of the general secretary and treasurer in disallowing his claim for disability benefits to the international president and board of directors, resulting in the approval of the decision of the general secretary and treasurer, the plaintiff thereafter was entitled to resort to the civil courts for adjudication of his claim under various provisions of the constitution of the Brotherhood, of which section 25 of article 8 and section 7 (a) of article 17 were referred to. The first of these reads as follows: "Any and all right of action arising under any claim for disability benefit allowances in this department shall be absolutely barred unless suit is commenced by the member, or on his behalf in some court of competent jurisdiction within six (6) months of notice of the final rejection of the claim by the Board of Directors. A notice of such rejection mailed to the last known post office address of the member shall be sufficient notice under this section."

The second provides: "No member or subordinate

lodge of the Brotherhood shall resort to the Civil Courts to correct or redress any alleged grievance or wrong or to secure any alleged rights from or against any member, subordinate lodge or the organization, until such member or lodge shall first have exhausted all remedy by appeal, provided by the laws of the Brotherhood for the settlement and disposition of any such rights, grievances or wrongs."

Appellee filed a demurrer to this replication to the effect (1) that appellant by reason of the allegations of the Brotherhood's third plea could not contest the jurisdiction of its tribunals as being final and exclusive, and that the determination of said tribunals would not be reviewed by the court, except in case of fraud, and (2) that under the law of Maryland the court would not inquire into the regularity of the procedure adopted by tribunals of fraternal beneficiary societies in passing upon claims, since the jurisdiction of such tribunals was exclusive, and their determination would not be reviewed by the court, except in case of fraud. This demurrer was sustained, and, since plaintiff below declined further to amend the replication to the defendant's plea to his second count, judgment was entered for the defendant for costs. From this judgment the present appeal is taken.

Two questions are presented: Does the beneficiary certificate issued appellant cover such permanent and total disability as he alleges in his first count? Has a member of the Brotherhood the right to prosecute his claim for disability benefits in the civil courts where it has been disallowed by the tribunals of the Brotherhood?

The answer to the first of these must be determined from a consideration of the beneficiary certificate and appellee's constitution, both of which are contained in the record. The former provides in substance that, should a member become afflicted or sustain one or more of the physical injuries or bodily ailment for which payment is provided in the constitution in force at the time a liability may arise therefor, having furnished the Brotherhood such proof of the injury or ailment as may be

required by its constitution, he shall be entitled to participate in its beneficiary fund to the extent of $1,500, and that "said member shall be absolutely barred from maintaining any action upon this certificate by reason of any physical injury, bodily ailment or total and permanent disability or incapacitated from performing all manual labor, unless he make proof of such physical injury, bodily ailment or disability as may be required by said constitution within six months from the time when said physical injury, bodily ailment or disability occurred." It is also provided therein that "any action on this certificate, either by the aforesaid member, or the beneficiary designated herein, shall be absolutely barred, unless such action shall be commenced in some court of competent jurisdiction within six months from the final rejection of the claim by the highest tribunal of the Brotherhood."

In article 8, section 14 (a), of the constitution, it is provided: "A beneficiary member in good standing on the books of the Grand Lodge sustaining the loss of a hand by amputation or actual separation, at or above the wrist joint, or the loss of a foot by amputation or actual separation, at or above the ankle joint, or the total or permanent loss of sight of an eye (this not to include loss of one eye occurring prior to September 22, 1908, 4:40 P. M.), or who reaches the age of seventy (70) years, shall receive the full amount of his beneficiary certificate less Two Hundred and Twenty-five Dollars ($225.00) which shall be retained and paid upon death or double the amount of the beneficiary certificate less Two Hundred and Twenty-five Dollars ($225.00) which shall be retained and paid upon death if the said member is paying the required monthly assessment for the double benefit at the time one of the above events happens, upon making application to and upon submitting proof satisfactory to the General Secretary and Treasurer subject to the provisions of the Constitution; provided, a member who makes a claim for amputation or loss of sight shall be required to continue payment of his assessment until

a notice of amputation or loss of sight is received at the Grand Lodge office."

A consideration of the constitution and the certificate convinces us that the above-quoted provision is applicable to the lump sum payment of $1,500, and that no physical injury or bodily ailment is described within its meaning. The action of the lower court in sustaining the demurrer was therefore proper.

This brings us to the second question. By section 5 (11) of article 2 thereof it is provided: "In all cases where applications concerning participation in any of the insurance, or pension departments, or for benefits or allowances from such departments, are rejected, the applicant or lodge of which he is a member shall have the right of appeal to the International President and Board of Directors, the decision of the Board of Directors to be final."

It is also provided by section 7 (h) of the same article, concerning the board of directors, that "they shall have authority, when in session, to deal with appeals, when properly presented by boards, committees, subordinate lodges, Grand Lodge employes, or individual members, and it will be the duty of the board at each meeting to carefully investigate appeals presented to them and to equitably determine the controversy and their decision shall be final."

By section 8 (c) of article 7 it is provided that all members in good standing in the beneficiary or mutual departments shall pay the monthly assessments into the fund required by paragraph (b) of that section so long as they remain members in good standing in the beneficiary or mutual department, and shall be entitled to benefits set out in article 8 of section 23 (a), which section last referred to is as follows: "In this Constitution of the Brotherhood of Locomotive Firemen and Enginemen, total and permanent disability shall be construed to mean such a state of bodily incapacity as shall wholly and permanently prevent a member from engaging in any occupation, profession or business, or from performing or directing any work for remuneration or

profit, but shall not include claims resulting solely from old age."

It seems well settled that in this state, when a benefit society has established tribunals of its own with power to them to determine the validity of claims for benefits, which they may allow or reject, and with a further right of appeal from the ruling of the first tribunal, courts of law do not inquire into the regularity of their proceedings in passing upon such claims, and their jurisdiction is exclusive, and, notwithstanding the by-law by which the tribunals are created does not make their decision final, their determination will not be reviewed by the court in the absence of fraud, for, as said by Judge Burke, in *Donnelly v. Supreme Council,* 106 Md. 425, 430, 67 A. 276, 278: "The proposition that the member is not precluded from suing at law, after he has exhausted his remedies within the order, unless the contract specifically provides that the decisions of the tribunals of the order shall be final, is supported by the decisions of some states, among which are the states of Illinois and Indiana; but the Maryland rule is otherwise. That rule was expressed with clearness and precision by the learned judge who decided this case below to be that, when the tribunals of the order have power to decide a disputed question, 'their jurisdiction is exclusive, whether there is a by-law stating such decision to be final, or not, and that the courts cannot be invoked to review their decisions of questions coming properly before them, except in cases of fraud. This is true, whether the member does not press his claim at all before the tribunals of the order, or whether he carries it through the final tribunal, or whether he goes through only a part of the hearings which he might have in the order. According to the law of this state, it is the existence of a tribunal, properly erected and charged with the duty of determining the rights of the members as between themselves and the order, which is a bar to a suit in court of a member against such order in regard to any question so confided to the tribunals of the member's own choice.' "

Likewise in *Osceola Tribe v. Schmidt*, 57 Md. 98, 99, the opinion in *Vandyke's* case (*Black & White Smiths' Soc. v. Vandyke*), 2 Whart. (Pa.) 309, 312, was quoted as follows: "These are private beneficial institutions operating on the members only, who, for reasons of policy and convenience affecting their welfare, and perhaps their existence, adopt laws for their government, to be administered by themselves, to which every person who joins them assents. They require the surrender of no right that a man may not waive, and are obligatory on him, only so long as he chooses to recognize their authority. In the present instance, the party appears to have been subjected to the general laws and by-laws according to the usual course, and if the tribunal of his own choice has decided against him, he ought not to complain. It would very much impair the usefulness of such institutions, if they are to be harassed by petty suits of this kind, and this, probably, was a controlling consideration in determining the manner of assessing benefits, and passing upon the conduct of members."

From a consideration of the provisions of the constitution heretofore referred to, it seems clear that the decision of the international president and board of directors with reference to appellant's claim for permanent and total disability was final. It must be kept in mind that we are dealing with a case in which there is no allegation of fraud or misconduct on the part of the officers or board of directors of the Brotherhood. There is nothing in the second count which would negative the idea that the decision rendered in the case was made in good faith after having considered all facts relating to the appellant's total and permanent disability as defined by the constitution. This being true, upon what principle is appellant permitted to resort to a court of law upon the same question? That he cannot do so is evidenced by a consideration of the following cases. *Anacosta Tribe v. Murbach*, 13 Md. 91; *Osceola Tribe of Red Men v. Schmidt, supra; Weigand v. Fraternities Accident Order*, 97 Md. 443, 35 A. 530; *Donnelly v. Supreme*

*Council,* 106 Md. 425, 67 A. 276; *Camp No. 6 Patriotic Order Sons of America v. Arrington,* 107 Md. 319, 68 A. 548; *Order of Eastern Star v. Klutch,* 144 Md. 491, 125 A. 72; *Long v. Baltimore & O. R. Co.,* 155 Md. 265, 141 A. 504.

But appellant contends that, under a proper construction of the Brotherhood's constitution, the finality of the decision of the international president and board of directors applies only to matters within the Brotherhood, and that sections 18, 19, and 25 of article 8, also 7 (a) of article 17 thereof, are a recognition of the right of a member to resort to the civil courts after having exhausted all remedies provided by the law of the Brotherhood. The first of these sections states that, if a claim has been disapproved by the general secretary and treasurer, and, the applicant, being dissatisfied and desirous of bringing action against the Brotherhood, he shall first exhaust all remedy by appeal provided by its laws, and shall, before bringing action, give thirty days' written notice to the general secretary and treasurer of his intention so to do, while in the second it is provided that action against the Brotherhood shall be barred, unless commenced by claimant in some court of competent jurisdiction within six months after its final rejection by the highest tribunal authorized by its laws to consider and pass upon the same, and the third states that all right of action under any claim of disability benefit allowances shall be barred unless suit is commenced by the member in some court of competent jurisdiction within six months of notice of the final rejection of the claim by the board of directors, and the last section prohibits a member of the Brotherhood from resorting to the civil courts to correct a redress of any alleged grievances or wrongs, or to secure any alleged rights from or against any member "* * * until such member or lodge shall first have exhausted all remedy by appeal. * * *"

Numerous instances could arise which would give a member of the Brotherhood a right to resort to the courts for collection of disability benefits. His claim may have

been rejected upon the ground that he was not a member in good standing, or that he was in default in the payment of an assessment, or had failed to file a proper application. The board of directors may even have refused to act upon his application or may have been guilty of fraud or misconduct in relation to the same. But it is difficult to assume, in view of the positive language of other sections hereinbefore quoted, that these latter sections were intended as anything more than an effort on the part of the Brotherhood in such cases, where the member could resort to the courts, to secure the benefits of a shorter period of limitations than provided by statute, plus a provision that even in such cases, before bringing suit, a member must exhaust all rights available to him within the Brotherhood. By adopting this construction of the constitution, its parts are harmonious and entirely consistent with the other provisions, making the decision of its board of directors conclusive upon the question of fact as to whether the appellant is or not totally and permanently disabled. We feel this is the proper construction, and that there was no error in sustaining the demurrer to the replication filed by appellant to the appellee's plea to the second count.

*Judgment appealed from affirmed, with costs to appellee.*