3 So.2d 299

### GALLAGHER v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.

6 Div. 882.

Supreme Court of Alabama.

June 30, 1941.

Harold C. Heiss, of Cleveland, Ohio, and London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

Taylor & Higgins and Waldrop Wind-ham, all of Birmingham, for appellant.

**GARDNER, Chief Justice.**

Plaintiff, a member in good standing of the defendant unincorporated association, brought this suit to recover the stipulated sum of $50 per month as provided in Section 23(a) of defendant's Constitution for any such member who has suffered total and permanent disability as defined therein. His claim was duly filed with defendant's General Secretary and Treasurer and denied.

The pleadings are rather extensive and contain much detail as to various provisions of the by-laws and constitution of defendant order which we consider unnecessary to here set out. Defendant interposes pleas disclosing the provisions for appeal by a member whose claim has been disallowed by the Secretary, first to defendant's International President and from the President to the Board of Directors, and that the denial of such claim by said Board shall be final and conclusive.

Defendant insists that the provisions of the constitution and by-laws in regard to the finding and conclusive effect of these officials of the organization preclude resort to the courts, citing, among other authorities, Brotherhood of Railroad Trainmen v. Barnhill, 214 Ala. 565, 108 So. 456, 47 A.L.R. 270; Baltimore & Ohio R. Co. v. Stankard, 56 Ohio St. 224, 46 N.E. 577, 49 L.R.A. 381, 60 Am.St.Rep. 745; Myers v. Jenkins, 63 Ohio St. 101, 57 N.E. 1089, 81 Am.St.Rep. 613; Boling v. Norfolk & W. R. Co., 30 Ohio N.P.,N.S., 47; Shipe v. Norfolk & W. R. Co., 51 Ohio App. 361, 1 N.E.2d 174; Pennsylvania Company v. Reager's Adm'r, 152 Ky. 824, 154 S.W. 412, 52 L.R.A.,N.S., 841, Ann.Cas.1915B, 312; Durkin v. Brotherhood, 170 Md. 562, 185 A. 322, 104 A.L.R. 1501. While plaintiff cites, as holding an opposing view, Western Assur. Co. v. Hall, 112 Ala. 318, 20 So. 447; Maryland Cas. Co. v. Mayfield, 225 Ala. 449, 143 So. 465; Baltimore & Ohio R. Co. v. Stankard, 56 Ohio St. 224, 46 N.E. 577, 49 L.R.A. 381, 60 Am.St.Rep. 745; Employee's Benefit Association v. Johns, 30 Ariz. 609, 249 P. 764; 51 A.L.R. 1414; Lane v. Brotherhood of Locomotive Enginemen & Firemen, 157 Or. 667, 73 P.2d 1396.

The numerous conflicting decisions upon the question are to be found in the note to the Johns case, supra, in 51 A.L.R. 1420. But no practical purpose would be served by a discussion and determination of this question on this appeal and it may be laid to one side.

This for the reason that plaintiff's replication to defendant's pleas, with particular reference to replication No. 4 which gives the full history as to his procedure and his right to apply to the courts for redress, settles, in our opinion, the matter of resort to the courts favorably to his contention.

A brief review of this replication will, therefore, determine the whole matter and much detail, both of subject matter and discussion, thus avoided.

This replication shows in detail that plaintiff, before instituting this suit, had exhausted all remedy provided by the constitution and by-laws of the order. The replication further avers as follows:

"4. Plaintiff avers that in addition to the Articles, Sections and Paragraphs of said Constitution of the defendant Brotherhood quoted in the defendant's said plea, said Constitution of the defendant Brotherhood also provided as follows, to-wit:

"Article 8, Sec. 18. If a claim has been disapproved by the General Secretary and Treasurer and the applicant is dissatisfied and desires to bring action against the Brotherhood, he shall first exhaust all remedy by appeal provided by the laws of the Brotherhood, and thereafter he shall, before bringing action, give the General Secretary and Treasurer thirty (30) days' notice in writing of his intention to bring such action. and,

"Article 8, Sec. 19. * * * And such action against the Brotherhood shall likewise be absolutely barred unless commenced by the claimant in some court of competent jurisdiction within six months after the final rejection of the claim by the highest tribunal authorized by the laws of the Brotherhood to consider and pass upon same. and,

"Article 8, Sec. 25. And all right of action arising under any claim for disability benefit allowances in this department shall be absolutely barred unless suit is commenced by the member, or on his behalf in some court of competent jurisdiction within six (6) months of notice of the final rejection of the claim by the Board of Directors. A notice of such rejection mailed to the last known post office address of the member shall be sufficient notice under this section. and,

"Article 17, Sec. 7(a). No member or subordinate lodge of the Brotherhood shall resort to the civil courts to correct or redress any alleged grievance or wrong, or to secure any alleged rights from or against any member, subordinate lodge or the organization, until such member or lodge shall first have exhausted all remedy by appeal, provided by the laws of the Brotherhood for the settlement and disposition of any such rights, grievances or wrongs."

It thus appears that the constitution of the order expressly provides what shall be done before action in the courts is begun. The member must exhaust his remedy by appeal in the brotherhood, and before action brought give the General Secretary and Treasurer thirty days written notice, and such action is barred unless brought in some court of competent jurisdiction within six months after the final rejection of the claim by the highest Brotherhood tribunal. And Article 17, Sec. 7(a), makes specific reference to a resort to the civil courts.

Plaintiff alleges he has met all of these requirements. But defendant answers by the holding of the Maryland Court in Durkin v. Brotherhood, 170 Md. 562, 185 A. 322, 104 A.L.R. 1501, that such provisions hereinabove quoted are to be construed as indicating a right to resort to the courts only as to such matters relating to the member's good standing, or that he was in default, or had failed to file proper application or that the Board had refused to act upon his application or may have been guilty of fraud or misconduct or other matters of like character, but is conclusive upon the fact as to whether or not the member is entitled to recover on account of total disability. We have read the Durkin case with much care but find ourselves unable to concur in the reasoning and conclusion there reached. We cannot agree that the language to be found in the constitutional provisions herein set out is susceptible to such a limitation by way of construction. On the contrary, we find ourselves in accord with the opinion of the Oregon Court in Lane v. Brotherhood of Locomotive Enginemen & Firemen, supra, [157 Or. 667, 73 P.2d 1400], where, in discussing these same provisions, the conclusion was stated "it is clearly implied from the language used, if not expressly stated, that plaintiff has a right to apply to the courts".

The opinion further proceeds: "The provision of the certificate that a decision of the supreme court of the order shall be final and conclusive is construed to mark the distinction between the effect of the decision of the supreme court of the order and that of its other courts and not to exclude the jurisdiction of legal tribunals. In other words, the findings are final as far as the officers and members of the order are concerned."

We are in accord with this conclusion of the Oregon Court, and indeed we consider the language of the constitution set forth in replication No. 4 is clear to this end. It indicates a direction to the member to proceed in a court of competent jurisdiction after he has exhausted all remedies within the order and this without any limitations upon such right. The stipulations in the constitution and by-laws of the Brotherhood constitute but a form of insurance, and as held in the Lane case, supra, are in effect a contract of insurance

and entitled to construction favorably to the insured. 32 C.J. 1152.

The authorities, we think sustain the following comment by the author of the note to the Johns case, 51 A.L.R. 1428 wherein is the following: "Even in jurisdictions which admit the validity of a by-law or the provision of a benefit certificate which denied the right to appeal to the civil courts concerning a disputed benefit claim, the courts are slow to construe a by-law or certificate to have this effect, and will possibly construe it merely to require claimant first to exhaust his remedies within the order. The right of appeal will not be deemed to be taken away by inference, but only by the clearest and most explicit terms."

Defendant, because of the fact its headquarters are in Ohio, insists the decisions of that State should have great, if not controlling effect. We need enter into no discussion of that question. But the Stankard case, cited by defendant, clearly falls short of sustaining its construction. Indeed, as we read the decision, it is to the contrary and we find no case by the Supreme Court of that state in any manner qualifying what was therein said though some of the lower courts have attempted to explain and differentiate.

But in any event we fail to note, in any of the Ohio cases which are here available, any discussion of the constitutional provisions set out in replication No. 4, and hence we conclude that none of the cited authorities from that jurisdiction are of great value here. The pleas filed by defendant were silent as to these provisions of the constitution. Whatever may be said as to their sufficiency, we think the replication No. 4 bringing forward the pertinent provisions of the constitution touching the right to seek redress in the courts constitutes a complete answer and is entirely sufficient.

As previously observed, our conclusion being that plaintiff has shown a right to sue in the courts by the very language of the laws of the Brotherhood, all other questions are unimportant and need no consideration on this appeal.

The demurrer to replication No. 4 was erroneously sustained. Let the judgment stand reversed.

Reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.